145 S.W.3d 351 (2004)
In the Interest of G.S.G., A Child.
No. 14-03-01110-CV.
Court of Appeals of Texas, Houston (14th Dist.).
August 26, 2004.
*352 John B. Worley and Rhonda Amkraut Pressley, Austin, for appellants.
Gogo U.K. Owor, Laura Arteaga, Houston, for appellees.
Panel consists of Justices YATES, ANDERSON, and HUDSON.

OPINION
LESLIE BROCK YATES, Justice.
The Office of the Attorney General ("Attorney General") appeals the dismissal of a motion for enforcement of child support. The trial court dismissed the action after it found sua sponte that the underlying order establishing the parent-child relationship was void and unenforceable because it was in the form of a final order and had been signed by a child support master rather than a district court judge. In three issues, the Attorney General challenges the trial court's findings and contends that a proposed order under section 201.1041 of the Family Code can be in the form of an order and need not contain language of recommendation. We reverse and remand.

Background
On October 23, 2001, a child support master[1] signed an agreed order that established appellee Simeon Garcia as the father of G.S.G. The order entitled "Agreed Order Establishing the Parent-Child Relationship" included provisions to address the child support obligations of Garcia. Garcia did not appeal the determinations of the master to the district court.
The Attorney General filed a motion for enforcement of child support based on the provisions in the agreed order in April of 2003. Before any evidence was taken in the case, the trial court determined sua sponte that the underlying paternity order was void and unenforceable. In dismissing the case, the trial court made the following findings of fact and conclusions of law:
 The agreed final order does not purport to be a recommendation by the child support master to the district judge.
 The agreed final order was never signed by the district judge of the referring court.
 The agreed final order does not reflect that the party may appeal the order by the child support master.
 Under section 201.104 of the Family Code, a master may recommend to the referring court any order after a trial on the merits. The master did not have the authority to sign the agreed order because it does not purport to be a recommendation to the referring court.
 Family Code section 201.102 grants to a master the same general powers of an associate judge. This does not include the power to sign any final order; the child support master had no power to sign the order.

*353  The agreed order is not an order of the referring court and is void, of no effect, and unenforceable.
Neither the caption of the order nor the signature line of the master contains the words "proposed" or "recommended." At issue in this appeal then is whether a master's proposed order must include language of recommendation and whether the order must give written notice of a party's right to appeal.

Analysis
In three issues, the Attorney General argues the trial court committed clear legal error by dismissing the Attorney General's child support enforcement action on the basis that it lacked jurisdiction to hear the matter because the order was void and unenforceable. A court is obligated to determine sua sponte if it has jurisdiction to hear a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). However, a trial court's finding that it lacks subject-matter jurisdiction is a question of law subject to de novo review. TNRCC v. IT-Davy, 74 S.W.3d 849, 855 (Tex.2002).
The Family Code authorizes a trial court judge to refer certain family law matters to either associate judges or to child support masters. See generally TEX. FAM. CODE ANN. §§ 201.001-.208 (Vernon 2002 & Supp.2004-05). The trial court judge can appoint an associate judge to hear any matter over which the trial court has jurisdiction under Title I or IV. TEX. FAM.CODE ANN. § 201.005. The trial court can appoint a master to hear only matters relating to child support. TEX. FAM.CODE ANN. § 201.101. The Family Code treats associate judges and child support masters differently. For example, when no notice of appeal is filed, the recommendation of an associate judge does not become the final order of the court unless ratified by the trial judge. TEX. FAM.CODE ANN. § 201.013(b). In contrast, when no notice of appeal is filed, the recommendation of a child support master becomes the final order of the court by operation of law without ratification by the referring court.[2] Tex. Fam.Code Ann. § 201.1041(a). This streamlined procedure exists because, as a condition of receiving federal funds, Texas must have in effect "laws providing for expedited processes to establish and enforce child support obligations." HOUSE COMM. ON JUVENILE JUSTICE & FAM. ISSUES, BILL ANALYSIS, TEX. H.B. 823, 78th Leg., R.S. (2003).
The powers and duties of a child support master include taking testimony and making a record in "Title IVD" cases and rendering and signing any order that is not a final order on the merits. TEX. FAM.CODE ANN. § 201.104.[3] Here, the trial court referred the initial case establishing the parent-child relationship to a child support master, and the master signed an agreed order that did not contain language of recommendation. The trial found that, absent language of recommendation, the order is void and unenforceable. We disagree.
Invalidating the order because it does not contain the words "recommended" or *354 "proposed" elevates form over substance. In re S.M.E., No. 14-02-00350-CV, 2003 WL 124401, at *1-2 (Tex.App.-Houston [14th Dist.] Jan. 16, 2003, pet. denied) (mem.op.). In S.M.E., a juvenile-law master erroneously included a notice of right to appeal in her proposed order  a right not conferred to a party under the relevant code. Id. at *2. We rejected appellant's argument that the language in the order created a right of appeal, finding the relevant code controlled the parties' rights and the order could not provide an avenue of appeal that did not exist by statute. Id.
Similarly here, there is no express requirement that a child support master's proposed order contain language of recommendation. The Code states simply that the "report may contain the [master's] findings, conclusions, or recommendations, including a proposed order. The ... report must be in writing in the form directed by the referring court. The form may be a notation on the referring court's docket sheet." TEX. FAM.CODE ANN. § 201.011(a).[4] Regardless of whether it contains language of recommendation, the proposed order is not a final order upon signing. It cannot become a final order of the court unless neither party appeals the master's findings. Moreover, if a party appeals, the trial court is free to adopt or reject the recommendation of the master. TEX. FAM.CODE ANN. § 201.014(1). Accordingly, we find that the order in this case was only a proposed order when the master signed it and it did not have to contain language of recommendation because the provisionary status of the order is prescribed by statute.[5]
The trial court also found that the order was deficient because it did not contain a notice of the parties' right to appeal. The Family Code requires a master to inform the parties of the right but provides that such notice may be given by oral pronouncement or in writing. TEX. FAM.CODE ANN. § 201.011. Because the Family Code does not require written notice, we find that a proposed order need not contain a notice of the right to appeal.
We hold the trial court erred in dismissing the Attorney General's motion for enforcement of child support. We sustain the Attorney General's three issues, and reverse and remand this case for further proceedings consistent with this opinion.
NOTES
[1] Since the rendition of the order dismissing the motion to enforce child support, the legislature has changed the title of Child Support Master to Associate Judge for Title IV-D cases. See Act of May 27, 2003, 78th Leg., R.S., ch. 1258, §§ 2-15, 25-28, 2003 Tex. Gen. Laws 3564, 3564-68, 3570 (eff.Sept.1, 2003). For ease of reference, we will use the title in effect at the time the trial court entered its order.
[2] The trial court judge must sign a master's report recommending enforcement by contempt or the immediate incarceration of a party. TEX. FAM.CODE ANN. § 201.1041. Because the order at issue in this case does not involve contempt or incarceration, we will not address the special provisions related to such orders.
[3] Any party may appeal the recommendation of a child support master by filing a notice of appeal with the trial court judge within three days of receiving notice of the recommendation. TEX. FAM.CODE ANN. §§ 201.1042, 201.015. Once the notice of appeal is filed, the trial court judge must conduct a hearing de novo addressing the issues raised. Id.
[4] Although the specific form of the master's report is not covered in the chapter dealing with child support masters, the chapter directs that, except as otherwise provided, the provisions relating to an associate judge apply to a master. TEX. FAM.CODE ANN. § 201.102. Notably, a written notation of "granted" in the trial court's docket sheet has been held as a sufficient recommendation from an associate judge. Robles v. Robles, 965 S.W.2d 605, 609 (Tex.App.-Houston [1st Dist.] 1998, no pet.).
[5] Appellee argues that proposed orders issued by child support masters in Dallas County contain language of recommendation. Although this may be a better practice, nothing in the statute requires such language.