Petition for Writ of Mandamus Conditionally Granted and Opinion filed
April 5, 2005









Petition for Writ of Mandamus Conditionally Granted
and Opinion filed April 5, 2005.

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01073-CV

____________

 

IN RE ATTORNEY GENERAL OF TEXAS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

O P I N I O N

The Office of the Attorney General seeks mandamus relief from
a trial court order reinstating a paternity action.  Because the trial court abused its
discretion, we conditionally grant the petition for writ of mandamus.

Background








In November 2002, the attorney general filed a petition to
establish a parent-child relationship. 
The purported father, Thomas Gasaway, the real party in interest here,
did not file an answer.  In December
2002, the trial court signed an order for parentage testing, which also set a
trial date for March 20, 2003.  The
parentage test showed Gasaway could not be excluded as the biological father of
the child and that the probability of paternity was 99.99%.  On March 20, 2003, a Title IV-D[1]
master held a hearing and because Gasaway did not appear, signed a default
order establishing a parent-child relationship. 
The order found Gasaway was the father of the child and ordered him to
pay $345 per month in child support.  The
order also rendered a retroactive support judgment of $16,520 and ordered
Gasaway to pay $100 per month to satisfy the judgment.  The trial court did not sign this order.

In 2004, Gasaway filed a bill of review seeking to set aside
the March 20, 2003, paternity order.  In
the order denying Gasaway=s bill of review, the trial court made the following ruling:

The Court FINDS that the order challenged in this bill
of review action, which was signed by the Title IV-D Associate Judge on March
20, 2003, was not signed by the referring court and is not in the form of a
recommendation.  For this reason, the
Court declares that order to be void.

 

The trial court then reinstated the paternity suit on the trial
docket.  The trial court denied the
attorney general=s motion for new trial and set the paternity action for trial
November 29, 2004.  On November 9, 2004,
the attorney general filed a petition for writ of mandamus in this court
seeking relief from the trial court=s reinstatement order.  This court stayed all trial proceedings until
a final decision on the attorney general=s petition for writ of mandamus.

Standard of Review








Mandamus is an extraordinary remedy that will issue only to
correct a clear abuse of discretion or the violation of a legal duty when there
is no adequate remedy at law.  In re
Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999).  In determining whether there has been a clear
abuse of discretion justifying mandamus relief, the reviewing court must
consider whether the trial court=s ruling was one compelled by the
facts and circumstances or was arbitrary, unreasonable, or reached without
reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985).  Here, an appeal of the trial court=s order of reinstatement would be
interlocutory.  Interlocutory orders may
be appealed only if permitted by statute. 
Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985).  Because no interlocutory appeal can be taken
from the trial court=s order, relator has no adequate remedy by appeal.  See Jack B. Anglin v. Tipps, 842
S.W.2d 266, 271 (Tex. 1992).

Master=s Order

The Family Code authorizes a trial court judge to refer
certain family law matters to either associate judges or to child support
masters.  See Tex. Fam. Code Ann. ' 201.001-.208 (Vernon 2002).  The trial judge can appoint an associate
judge to hear any matter over which the trial court has jurisdiction under
Title 1 or 4 of the Family Code.  Tex. Fam. Code Ann. ' 201.005 (Vernon 2002).  The statutes concerning associate judges and
masters are divided into Subchapter A, which concerns associate judges, and
Subchapter B, which concerns Title IV-D masters.  See Tex.
Fam. Code Ann. ch. 201 (Vernon 2002). 
At the time the master in this case rendered the order, under Subchapter
A, an associate judge was not given the power to render a final order on the
merits, but could recommend an order to be rendered by the referring
judge.  Tex.
Fam. Code Ann. ' 201.007(a) (amended September 1, 2003 to allow an associate
judge limited powers to render final judgments).  Although the associate judge=s recommendation was in full force
and effect pending appeal, if no appeal was filed, the associate judge=s recommendation did not become a
final order of the referring court unless the referring court signed an order
conforming to the associate judge=s report.  Tex.
Fam. Code Ann. ' 201.013 (amended September 1, 2003).








Subchapter B, which address the powers and duties of Title
IV-D masters, provides that AA master may render and sign any order that is not a final
order on the merits of the case.@ 
Tex. Fam. Code Ann. ' 201.104(c) (amended September 1,
2003 to reflect that Subchapter A applies except to the extent of any conflict
and if a conflict exists, Subchapter B prevails).  Section 201.1041(a) provides, however, if an
appeal of the master=s order is not filed, the master=s order, other than a recommendation
of enforcement by contempt or a recommendation of immediate incarceration,
shall become the order of the referring court. 
Tex. Fam. Code Ann. ' 201.1041(a) (Vernon 2002). 

The trial judge in this case referred the suit to establish a
parent-child relationship to a Title IV-D master and the master signed an
agreed order that did not contain language of recommendation.  The trial court found that absent language of
recommendation the order is void. 
Invalidating the order because it does not contain the words Arecommended@ or Aproposed@ elevates form over substance.  In re G.S.G., 145 S.W.3d 351, 353
(Tex. App.CHouston [14th Dist.] 2004, no
pet.).  The Family Code does not require
the child-support master=s proposed order to contain language of recommendation.  The code states that the Areport may contain the associate
judge=s findings, conclusions, or
recommendations, including a proposed order.@ 
Tex. Fam. Code Ann. ' 201.011(a).  The text of the code sections provides the
master=s proposed order is not a final order
when the master signs it, but becomes final only if neither party appeals.  In re G.S.G., 145 S.W.3d at 354. 

Further, a review of the legislative history indicates the
legislature intended the master=s order to become final if no appeal was filed.  In construing the above code sections, we may
consider: (1) the object sought to be attained, (2) circumstances under which
the statute was enacted, (3) legislative history, (4) common law or former
statutory provisions, including laws on the same or similar subjects, (5)
consequences of particular construction, (6) administrative construction of the
statute, and (7) title, caption, preamble, and any emergency provisions.  Tex.
Gov=t Code Ann. ' 311.023 (Vernon 1998).








With regard to the object sought to be attained, the purpose
behind enacting the master system was to increase the effectiveness of the
child support division of the attorney general=s office.  The intent of the bill was to create an
ombudsman where child support obligations could come to a timely
resolution.  Senate Jurisprudence Comm.,
S.B. 368, 76th Leg. R.S. (1999).  The
circumstances under which the statute was enacted require Texas to enact Alaws providing for expedited
processes to establish and enforce child support obligations@ as a condition of receiving federal
funds.  In re G.S.G., 145 S.W.3d
at 353  (citing House Comm. on Juvenile
Justice & Fam. Issues, Bill Analysis, Tex. H.B. 823, 78th Leg., R.S.
(2003)).  

Further analysis on the bill shows:

Recommendations of child support masters.  Child support
masters, who are attorneys appointed by the presiding judge of a judicial
region to hear enforcement cases, could render and sign any order, such as a
discovery order or other procedural order, that was not a final order on the
merits of the case.  Orders by child
support masters after a trial on the merits of the case, other than
recommendations of enforcement by contempt and recommendations of immediate
incarceration, would become orders of the court without ratification of the
referring court if an appeal had not been filed or if an appeal had been
waived.

 

House Comm. on Juvenile Justice & Fam. Issues, Bill Analysis, S.B.
368, 76th Leg. R.S. (1999).  The
consequences of allowing a master=s order to become a final order of
the court are that child support obligations can be imposed in a timely manner
and enforcement can occur sooner.  Both
consequences further the purpose of enacting the statute.

In his response to the petition for writ of mandamus, the
trial judge asserts this court=s construction of the statutes concerning the powers and
duties of masters has led to Ainnumerable arrests of both the mother and father on
Capias and Attachments on defective notice, defective citations, and defective
orders; incarceration for many days [has] resulted for the custodial parents (a
witness) who was arrested and detained while the children were left unattended.@ (emphasis in original)  Section 201.1041, however, permits a master=s order to become final only if the
order does not concern enforcement by contempt or immediate incarceration.  Tex.
Fam. Code Ann. ' 201.1041(a) (Vernon Supp. 2004).  Any order concerning contempt or
incarceration cannot become a final order unless ratified by the trial
judge.  Id.  The trial judge must review such orders and
can refuse to adopt them.  Id.  

 








Conclusion

At the time the master signed the proposed order, the order
did not have to contain language of recommendation because of the provisionary
status of the order according to the statute. 
The order became the final order of the court after the time to appeal
passed without any party appealing the master=s order.  The trial court abused its discretion in
declaring the order void.  The writ of
mandamus is conditionally granted.  We
are confident the trial court will vacate the reinstatement order.  If the trial court fails to do so, the writ
will issue.

PER CURIAM

 

Petition
Conditionally Granted and Opinion filed April 5, 2005.

Panel consists of
Justices Anderson, Hudson, and Frost.











[1]See 42
U.S.C.A. ' 651 authorizing appropriations for the purpose of
enforcing child support obligations owed by noncustodial parents.