HAMMONS V. CITY OF KRUGERVILLE

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-353-CV

JOHNNY HAMMONS, INDIVIDUALLY APPELLANT

AND AS NEXT FRIEND FOR 

JOHN DANIEL HAMMONS 

V.

CITY OF KRUGERVILLE APPELLEE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Johnny Hammons, individually and as next friend for John Daniel Hammons, appeals from the trial court’s judgment granting the City of Krugerville’s plea to the jurisdiction on Hammons’s claims.  In three issues, Hammons complains that the trial court improperly (1) reinstated its order granting the City’s plea to the jurisdiction after granting Hammons a new trial, (2) reinstated its order granting the City’s plea to the jurisdiction on Hammons’s inverse condemnation claim, and (3) quashed the deposition of Officer Benny Utley.  We affirm.

After the City removed a go-cart from Hammons’s property, Hammons sued the City under the Texas Tort Claims Act and for inverse condemnation under article I, section 17 of the Texas Constitution.  The City filed a plea to the jurisdiction, asserting that Hammons had failed to plead a claim for which the City had waived its sovereign immunity from suit.  The trial court granted the City’s plea to the jurisdiction on May 17, 2004.  On July 29, 2004, the trial court granted Hammons’s motion for new trial; however, on October 13, 2004, the trial court granted the City’s motion to reconsider and reinstated its May 17 order granting the City’s plea to the jurisdiction.  This appeal followed. In his first issue, Hammons asserts that the trial court’s October 13 order is void because the court lacked plenary power to reinstate its order granting the City’s plea to the jurisdiction after granting Hammons a new trial.  Hammons contends that the trial court’s plenary power over its May 17 order expired on August 2, 2004—seventy-five days after the order was entered.
(footnote: 2)  Hammons thus contends that the trial court had no authority to “ungrant” the motion for new trial on October 13 and reinstate the May 17 order.

Although a trial court generally cannot “ungrant” a motion for new trial outside its plenary period,
(footnote: 3) the court always has jurisdiction to determine whether it has subject matter over a case.
(footnote: 4)  The trial court must determine at its earliest opportunity whether it has constitutional or statutory authority to decide the case before allowing the litigation to proceed.
(footnote: 5) Accordingly, we hold that the trial court’s October 13 order reinstating its earlier ruling granting the City’s plea to the jurisdiction is not void.

Next, Hammons complains that the trial court improperly reinstated its order granting the City’s plea to the jurisdiction without following the procedure outlined by the supreme court in
 Miranda
.
(footnote: 6) 

The 
Miranda
 court held that when, as here, a plea to the jurisdiction challenges the plaintiff’s failure to plead a claim for which a governmental entity has waived its immunity from suit, the court must determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case.
(footnote: 7) 
 We construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent.
(footnote: 8)  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend.
(footnote: 9) 
 If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.
(footnote: 10)
 In this case, Hammons’s pleadings affirmatively negate the existence of the trial court’s jurisdiction over his Tort Claims Act claims, even after Hammons was given multiple opportunities to amend them.
(footnote: 11)  The Tort Claims Act waives sovereign immunity from suits for negligence in three areas:  use of publicly owned vehicles, premises defects, and injuries arising out of conditions or use of property.
(footnote: 12) 
 The Tort Claims Act does not waive immunity from suit for claims arising out of any intentional torts.
(footnote: 13) 

In his second amended original petition,
(footnote: 14) Hammons alleged that the City, through Officer Utley, “negligently caused Plaintiff and his minor son injury . . . through the negligent use of the Defendant’s motor vehicle.”  To support his negligence claim, Hammons pleaded the following facts:

Plaintiff is the owner of an engine with an estimated fair market value of $650.00.

. . . .

Several months prior to September 2003, John Daniel Hammons, the minor son of plaintiff and one of his friends obtained permission from an individual working at an establishment in Krugerville, Texas to remove a used go-cart frame from that establishment for their personal use.

. . . .

Plaintiff installed the above-referenced engine on the empty go-cart frame.

. . . .

On or about September 5, 2003, officer Benny Utley, employed by defendant as a peace officer . . . appeared at the Plaintiff’s residence.  Officer Utley at that time informed Plaintiff that he was there to seize “stolen property.”

. . . .

Officer Utley informed Plaintiff that the “stolen property” was the go-cart.  Plaintiff informed officer Utley that the engine on the [go-cart] frame was his and that the frame itself had been given to John Daniel Hammons and his friend . . . .

. . . .

Plaintiff advised officer Utley at that time that he would return the frame to the location from which it was taken after the removal of Plaintiff’s engine.  Officer Utley agreed to this arrangement only to return approximately thirty minutes later . . . .

. . . .

Prior to the removal of the engine from the frame and without Plaintiff’s permission, officer Utley entered onto Plaintiff’s property.  Officer Utley tied a rope to the go-cart with engine attached and towed same using a motor vehicle owned by Defendant to Defendant’s storage facility.  Upon information and belief, Plaintiff’s property continues to remain at Defendant’s storage facility.

. . . .

After the illegal removal of Plaintiff’s property . . . , Plaintiff’s son suffered extreme mental anguish as a result of the actions of Officer Utley . . . . 

Accepting these allegations as true and construing them liberally in Hammons’s favor,
(footnote: 15) we hold that they do not allege a claim for negligence  under the Tort Claims Act.  To the contrary, the pleadings allege only that the City 
intentionally
 took Hammons’s property (through Officer Utley) and is storing it in its property room.
(footnote: 16)  Because Hammons’s pleadings affirmatively negate the existence of the trial court’s jurisdiction over his Tort Claims Act claim, the trial court properly granted the City’s plea to the jurisdiction on that claim.

Likewise, Hammons’s pleadings affirmatively negate the existence of the trial court’s jurisdiction over his inverse condemnation claim.  A landowner whose property has been taken, damaged, destroyed for, or applied to public use without adequate compensation may bring an inverse condemnation claim under article I, section 17 of the Texas Constitution.
(footnote: 17)  To plead a valid inverse condemnation claim, the plaintiff must allege that (1) the governmental entity intentionally performed certain acts in the exercise of its lawful authority (2) that resulted in a “taking” of property (3) for public use.
(footnote: 18)
 In this case, Hammons did not plead that the City’s removal of the go-cart, with engine, from his property was an exercise of the City’s lawful authority.  To the contrary, Hammons alleged:

At no time prior to the 
illegal
 removal of Plaintiff’s property did an offense report . . . [or] a search warrant exist.  At no time prior to the 
illegal
 removal of Plaintiff’s property was Defendant authorized to remove Plaintiff’s property.  . . .  At no time prior to the 
illegal
 removal of Plaintiff’s property did Officer Utley have probable cause to believe that the property had been stolen . . . .  [Emphasis supplied.] 

Accordingly, we hold that Hammons did not allege a valid inverse condemnation claim and that the trial court properly granted the City’s plea to the jurisdiction on that claim.
(footnote: 19)
 Because Hammons’s pleadings effectively negate the existence of the trial court’s subject matter jurisdiction over both Hammons’s Tort Claims Act and inverse condemnation claims, we overrule Hammons’s first issue.

In his second issue, Hammons complains that the trial court erred by reinstating the order granting the plea to the jurisdiction on his inverse condemnation claim because such a claim is not subject to a plea to the jurisdiction.  We disagree.  
When a plaintiff does not allege a valid inverse condemnation claim, governmental immunity applies and the trial court should grant a plea to the jurisdiction.
(footnote: 20)  We overrule Hammons’s second issue.

In his third issue, Hammons complains that the trial court abused its discretion by abating further discovery and quashing Officer Utley’s deposition before ruling on the City’s plea to the jurisdiction.  Hammons contends that 
Miranda
 entitled him to at least “reasonable opportunity for targeted discovery”
(footnote: 21) before the trial court ruled on the City’s plea. 

The 
Miranda
 court held that “
if
 a plea to the jurisdiction challenges the existence of jurisdictional facts, [the trial court must] consider relevant evidence submitted by the parties 
when necessary
 to resolve the jurisdictional issues raised . . . .”
(footnote: 22)  In that situation, “the trial court exercises its discretion in  deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case.”
(footnote: 23)
 As we have noted, the City’s plea to the jurisdiction did not challenge the existence of jurisdictional facts.  Morever, in light of Hammons’s allegations of the City’s intentional, unlawful conduct, which fail to state a claim for which the City has waived immunity from suit under either the Tort Claims Act or article I, section 17 of the Texas Constitution, the trial court reasonably could have concluded that it was wholly unnecessary to allow additional discovery to resolve the jurisdictional issues.  Accordingly, we hold that the trial court did not abuse its discretion by refusing to allow further discovery before granting the City’s plea to the jurisdiction.
(footnote: 24)  We overrule Hammons’s third issue.

Having overruled all of Hammons’s issues, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: October 27, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The actual 75th day was July 31, 2004, a Saturday; therefore, the 75th day is computed as the following Monday, August 2.  
See 
Tex. R. Civ. P.
 4.

3:
See 
Porter v. Vick,
 888 S.W.2d 789, 789 (Tex. 1994) (orig. proceeding) (holding that any order vacating an order granting a new trial which was signed outside trial court’s period of plenary power over original judgment is void); 
In re Luster,
 77 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (holding that trial court has only seventy-five days after original judgment was signed to “ungrant” motion for new trial and reinstate original judgment, and order reinstating original judgment outside seventy-five-day period is void).  
Porter
 and 
Luster
 are inapposite because the motions for new trial in those cases were granted on the merits of the respective parties’ claims.  A plea to the jurisdiction does not pertain to the merits of a party’s claims, but to the trial court’s power to decide a case.  
Bland ISD v. Blue,
 34 S.W.3d 547, 553-54 (Tex. 2000).

4:
See id.
 (holding that, because subject matter jurisdiction is essential to trial court’s power to decide case, “a court must not act without determining that it has subject-matter jurisdiction to do so”); 
In re G.S.G.,
 145 S.W.3d 351, 353 (Tex. App.—Houston 14th Dist.] 2004, no pet.) (holding that trial court is required to determine sua sponte whether it is jurisdiction to hear case).

5:
Tex. Dep’t of Parks & Wildlife v. Miranda,
 133 S.W.3d 217, 226 (Tex. 2004). 

6:
See id.
 at 226-28.

7:
Id.
 at 226. 

8:
Id.

9:
Id. 
at 226-27. 

10:
Id.
 at 227.  Hammons acknowledges that the City’s plea “contain[s] a mere challenge to Hammons’ pleadings[,] not the facts recited therein”; therefore, the trial court was not required to conduct an evidentiary hearing on the jurisdictional issue.  
See id.
 (holding that trial court is not required to consider evidence relevant to jurisdiction unless plea to jurisdiction challenges existence of jurisdictional facts).

11:
Hammons amended or supplemented his pleadings three times, including two amendments between the time the trial court granted his motion for new trial and the City’s motion to reinstate. 

12:
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 101.021, .022 (Vernon 2005); 
Miranda,
 133 S.W.3d at 225. 

13:
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.057.

14:
This was Hammons’s live pleading at the time the trial court reinstated its order granting the City’s plea to the jurisdiction. 

15:
See City of Fort Worth v. Crockett,
 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh’g).

16:
Hammons also alleged that, “[i]mmediately prior to and at the time in question,” the City breached the “following nondelegable duties”:  to provide rules and regulations for the safety of the public, the investigation and prosecution of crime, the seizure of property, and the use of motor vehicles; to warn employees of the hazards involved in seizing property; to exercise ordinary care to select and retain careful and competent police officers; and to provide proper supervision of police officers.  None of these allegations, however, involves the use of property or a motor vehicle.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021 (requiring same).  It is well settled that the Tort Claims Act does not waive immunity from suit for injuries caused by the alleged nonuse of property.  
See San Antonio State Hosp. v. Cowan,
 128 S.W.3d 244, 246-47 (Tex. 2004); 
Tex. Natural Res. Conservation Comm’n v. White,
 46 S.W.3d 864, 869-70 (Tex. 2001); 
Kassen v. Hatley,
 887 S.W.2d 4, 14 (Tex. 1994); 
Archibeque v. N. Tex. State Hosp.-Wichita Falls Campus,
 115 S.W.3d 154, 160 (Tex. App.—Fort Worth 2003, no pet.).

17:
Tex. Const.
 art. I, § 17; 
City of Houston v. Boyle,
 148 S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

18:
See City of Houston, 
148 S.W.3d at 177.

19:
See Bell v. City of Dallas,
 146 S.W.3d 819, 825 (Tex. App.—Dallas 2004, no pet.).

20:
Id. 
 
Texas Parks & Wildlife Dep’t v. Callaway,
 971 S.W.2d 145, 151 (Tex. App.—Austin 1998, no pet.) does not, as Hammons contends, hold that an inverse condemnation claim is not subject to a plea to the jurisdiction.  The court in that case simply held that the trial court properly denied the Department’s plea to the jurisdiction on a valid inverse condemnation claim.  
Id.
 at 151.

21:
See Miranda,
 133 S.W.3d at 233.

22:
Id.
 at 227 (emphasis supplied).

23:
Id.

24:
See id.;
 
see also
 
City of Galveston v. Gray,
 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding & pet. denied) (“a governmental unit’s entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation”).