Affirmed as Modified and Memorandum Opinion filed February 28, 2006









Affirmed as Modified and Memorandum Opinion filed February 28, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01083-CV

______

 

IN THE INTEREST OF
A.R.C.

 



 

On Appeal from the 246th
District Court

Harris County, Texas

Trial Court Cause No. 2004-15771

 



 

M E M O R A N D U M   O P I N I O N

A Title IV-D child support master entered
a default order in which she found Thomas E. Gasaway to be the father of A.R.C.
and ordered him to pay child support. 
Gasaway filed a petition for a bill of review, alleging that he was not
given an opportunity to assert that he was not A.R.C.=s biological
father and requesting that the court order paternity testing.  The trial court denied the bill of review and
found the master=s order void because it was not in the
form of a recommendation and was not signed by a district court judge.  The Office of the Attorney General of Texas
appeals from that portion of the trial court=s order declaring the
master=s order void.  In two issues, the Attorney General=s office argues
that the trial court erred in voiding the master=s judgment in contravention
of the Family Code and this court=s precedent in In
re G.S.G, 145 S.W.3d 351 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  We agree and
modify the trial court=s judgment accordingly.








Factual and Procedural Background

The following facts and representations
are drawn from the record and the Attorney General=s appellate brief.[1]  In 2003, a Title IV-D master signed a default
order in cause number 2002-59657, finding Gasaway to be the father of A.R.C.,
and ordering him to pay monthly child support of $345.  Gasaway did not appeal from this order, but
filed a petition for a bill of review seeking to set aside the paternity
order.  This action was docketed as cause
number 2004-15771.  The Attorney General=s office opposed
the action, asserting that Gasaway was not entitled to a bill of review. 

At the hearing on the bill of review
petition, the trial judge, the Honorable Jim York, looked in the file in the
2002 action to examine the order at issue. 
Discovering that it was signed by a Title IV-D master rather than a
district court judge, and was not in the form of a recommendation, the trial
court denied the bill of review, but declared the paternity order void.  In its written order, signed July 28, 2004,
the trial court ruled as follows:

This Court FINDS
that the order challenged in this bill of review action, which was signed by
the Title IV-D Associate Judge[2]
on March 20, 2003, was not signed by the referring court and is not in the form
of a recommendation.  For this reason,
the Court declares that order to be void.








At the same time, the trial court reinstated the
paternity suit on the docket of cause number 2002-59657.  The Attorney General then moved for a new
trial in the 2004 action, but the trial court denied that motion.  The trial court also filed findings of fact
and conclusions of law in which it acknowledged that its ruling conflicted with
this court=s opinion on the same issue in In re
G.S.G., 145 S.W.3d 351 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  The trial court
was undoubtedly familiar with this precedent because In re G.S.G involved
an appeal from an unrelated case before the same trial court.  However, the trial court refused to follow In
re G.S.G. and stated in its conclusions of law its reasons for disagreeing
with that decision. 

The Attorney General then filed this
appeal from the order denying bill of review relief and declaring the master=s order void.  Concurrently, the Attorney General sought
mandamus relief from the reinstatement order in the 2002 action; this court
conditionally granted the requested relief in In re Attorney General of
Texas, 162 S.W.3d 739, 743 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).

Disposition 

The Attorney General contends the trial
court erred by finding the master=s order void based
on reasoning this court previously rejected in In re G.S.G.  See 145 S.W.3d at 354B55 (holding that
child support master=s order establishing parent-child
relationship and father=s child support obligation was a valid order
because the Family Code statute did not expressly require the master=s order to contain
language of recommendation and the order became final only when parties failed
to appeal it).  We agree.  Moreover, in the related mandamus action, we
have already determined that the master=s order at issue
here did not require language of recommendation and became a final order after
it was not appealed.  See In re
Attorney General of Texas, 162 S.W.3d at 743.  In that case, we discussed in detail the
basis for our holding, see id. at 741B743, so it is
unnecessary to repeat that discussion here. 
We will, however, restate our conclusion:

At the time the master signed the proposed order, the order
did not have to contain language of recommendation because of the provisionary
status of the order according to the statute. 
The order became the final order of the court after the time to appeal
passed without any party appealing the master=s order.  The trial court abused its discretion in
declaring the order void.   

Id. at 743. 
We find In re G.S.G. and In re Attorney General of Texas
dispositive of this appeal.  We therefore
sustain the Attorney General=s issues and
reform the trial court=s judgment to strike the following
sentences:  








This Court FINDS
that the order challenged in this bill of review action, which was signed by
the Title IV-D Associate Judge on March 20, 2003, was not signed by the
referring court and is not in the form of a recommendation.  For this reason, the Court declares that
order to be void.

We affirm the remainder of the judgment.  

Conclusion

The trial court=s judgment is
affirmed as modified in accordance with this opinion.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed February 28, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

 











[1]  Gasaway did
not file a responsive brief.





[2]  Since the
underlying paternity order was entered, the Legislature has changed the title
of a Title IV-D master to Aassociate judge.@  See Act of May 27, 2003, 78th Leg.,
R.S., ch. 1258, '' 2B15, 25‑28, 2003 Tex. Gen. Laws 3564, 3564B68, 3570.  For
purposes of this opinion, we will use the title in effect at the time the
master signed the paternity order.