COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-279-CV

 

 

IN THE INTEREST OF 

 

 

 

S.J.R., A CHILD

 

 

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction

Appellant Edward L. O=Brien, pro se, appeals the trial court=s order in this suit for modification of support order and to confirm
support arrearage.  We affirm.








II.     Background[2]

In February 2005, the
attorney general filed a suit for modification of Appellant=s support order and motion to confirm support arrearage.  Appellant answered with a general
denial.  On June 29, 2005, a Title IV-D
associate judge[3]
held a hearing; Appellant did not appear. 
That same day, the associate judge signed a default order, finding
Appellant in arrears in the amount of $4,645.36 and increasing Appellant=s support obligation from $140 monthly to $418 monthly.  The trial court did not sign this order. 








On July 29, 2005, Appellant
filed a motion for dismissal, motion for new trial, and notice of appeal to
this court.  In October 2005, the trial
court held a hearing and signed an order denying Appellant=s motion for new trial even though the trial court also found that the
motion for new trial had been overruled by operation of law on September 12,
2005.  Further, on February 27, 2006, the
trial court signed an order denying Appellant=s amended motion for dismissal. 

III.     Discussion

In his sole issue, Appellant
contends that the Title IV-D associate judge had no authority to render the
judgment in this suit for modification of support order and to confirm support
arrearage, and, therefore, the order is void. 


Texas Family Code section
201.104(b) states, AAn associate
judge may render and sign any order that is not a final order on the merits of
the case.@  Tex.
Fam. Code Ann. ' 201.104(b)
(Vernon Supp. 2006).  An associate judge=s order is a proposed order, even if the order does not contain
language of recommendation, because the provisionary status of the order is
prescribed by statute.  See In
re Attorney Gen. of Tex., 162 S.W.3d 739, 742-43 (Tex. App.CHouston [14th Dist.] 2005, no pet.); In re G.S.G., 145 S.W.3d
351, 354 (Tex. App.CHouston
[14th Dist.] 2004, no pet.).  Section
201.1041(a) of the family code provides, however, that if an appeal to the
referring court is not filed or the right to appeal is waived, the associate
judge=s order, other than a recommendation of enforcement by contempt or a
recommendation of immediate incarceration, shall become the order of the
referring court.  Tex. Fam. Code Ann. ' 201.1041(a) (Vernon Supp. 2006).








Here, the Title IV-D
associate judge signed an order finding Appellant in arrears in the amount of
$4,645.36 and increasing Appellant=s support obligation from $140 monthly to $418 monthly.  Despite the absence of recommendation
language, the order was only a proposed order when the associate judge signed
it.  See In re Attorney Gen. of
Tex., 162 S.W.3d at 742-43; In re G.S.G., 145 S.W.3d at 354.  However, because Appellant never appealed the
order to the referring district court, the order became the final order of the
referring court after the three-day period in which to appeal had passed.  See Tex.
Fam. Code Ann. ' 201.015
(Vernon 2002), ''
201.1041-.1042 (Vernon Supp. 2006). 
Accordingly, we hold that the order is not void and overrule Appellant=s sole issue.[4]  

IV.    Conclusion

Having overruled Appellant=s sole issue, we affirm the trial court=s order.

PER CURIAM

 

PANEL F:    GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:  September 14, 2006











[1]See Tex. R. App. P. 47.4.





[2]We
note that in his brief, Appellant refers to several facts that are outside the
appellate record in this case.  Materials
outside the record that are improperly included in or attached to a party=s
brief may be stricken and may not be considered by an appellate court in its
review of the appeal on its merits.  Mitchell
v. Citifinancial Mortgage Co., 192 S.W.3d 882, 886 (Tex. App.CDallas
2006, no pet.); Merch. Ctr., Inc. v. WNS, Inc., 85 S.W.3d 389, 394 (Tex.
App.CTexarkana
2002, no pet.); Carlisle v. Philip Morris, Inc., 805 S.W.2d 498, 501
(Tex. App.CAustin
1991, writ denied).





[3]In
2003, the legislature changed the title of a child support master to associate
judge for Title IV-D cases.  See Act
of May 27, 2003, 78th Leg., R.S., ch. 1258, '' 2-15, 25-28, 2003 Tex. Gen.
Laws 3564, 3564-68, 3570 (eff. Sept. 1, 2003).





[4]In
light of this holding, we need not address the attorney general=s
first argument that Texas Family Code section 201.007 gave the Title IV-D
associate judge in this case the authority to render and sign a final default
order and that such order is the order of the referring court.  See Tex.
Fam. Code Ann. ''
201.007(a)(14)(B), (c) (Vernon Supp. 2006).