IN RE SJR

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-279-CV

IN THE INTEREST OF 

S.J.R., A CHILD

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Edward L. O’Brien, pro se, appeals the trial court’s order in this suit for modification of support order and to confirm support arrearage.  We affirm.

II. Background
(footnote: 2)
 In February 2005, the attorney general filed a suit for modification of Appellant’s support order and motion to confirm support arrearage.  Appellant answered with a general denial.
  On June 29, 2005, a Title IV-D associate judge
(footnote: 3) held a hearing; Appellant did not appear.  That same day, the associate judge signed a default order, finding Appellant in arrears in the amount of $4,645.36 and increasing Appellant’s support obligation from $140 monthly to $418 monthly.  The trial court did not sign this order. 

On July 29, 2005, Appellant filed a motion for dismissal, motion for new trial, and notice of appeal to this court.  In October 2005, the trial court held a hearing and signed an order denying Appellant’s motion for new trial even though the trial court also found that the motion for new trial had been overruled by operation of law on September 12, 2005.  Further, on February 27, 2006, the trial court signed an order denying Appellant’s amended motion for dismissal. 

III. Discussion

In his sole issue, Appellant contends that the Title IV-D associate judge had no authority to render the judgment in this suit for modification of support order and to confirm support arrearage, and, therefore, the order is void.  

Texas Family Code section 201.104(b) states, “An associate judge may render and sign any order that is not a final order on the merits of the case.”  
Tex. Fam. Code Ann.
 § 201.104(b) (Vernon Supp. 2006).  An associate judge’s order is a proposed order, even if the order does not contain language of recommendation, because the provisionary status of the order is prescribed by statute.  
See
 
In re Attorney Gen. of Tex.
, 162 S.W.3d 739, 742-43 (Tex. App.—Houston [14th
 Dist.] 2005, no pet.); 
In re G.S.G.
, 145 S.W.3d 351, 354 (Tex. App.—Houston [14th
 Dist.] 2004, no pet.).  Section 201.1041(a) of the family code provides, however, that if an appeal to the referring court is not filed or the right to appeal is waived, the associate judge’s order, other than a recommendation of enforcement by contempt or a recommendation of immediate incarceration, shall become the order of the referring court.  
Tex. Fam. Code Ann.
 § 201.1041(a) (Vernon Supp. 2006).

Here, the Title IV-D associate judge signed an order finding Appellant in arrears in the amount of $4,645.36 and increasing Appellant’s support obligation from $140 monthly to $418 monthly.  Despite the absence of recommendation language, the order was only a proposed order when the associate judge signed it.  
See
 
In re Attorney Gen. of Tex.
, 162 S.W.3d at 742-43; 
In re G.S.G.
, 145 S.W.3d at 354
.  
However, because Appellant never appealed the order to the referring district court, the order became the final order of the referring court after the three-day period in which to appeal had passed.  
See 
Tex. Fam. Code Ann.
 § 201.015 (Vernon 2002), §§ 201.1041-.1042 (Vernon Supp. 2006).  Accordingly, we hold that the order is not void and overrule Appellant’s sole issue.
(footnote: 4)  

IV. Conclusion

Having overruled Appellant’s sole issue, we affirm the trial court’s order.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  September 14, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
We note that in his brief, Appellant refers to several facts that are outside the appellate record in this case.  Materials outside the record that are improperly included in or attached to a party’s brief may be stricken and may not be considered by an appellate court in its review of the appeal on its merits.  
Mitchell v. Citifinancial Mortgage Co.
, 192 S.W.3d 882, 886 (Tex. App.—Dallas 2006, no pet.); 
Merch. Ctr., Inc. v. WNS, Inc.
, 85 S.W.3d 389, 394 (Tex. App.—Texarkana 2002, no pet.); 
Carlisle v. Philip Morris, Inc.
, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied).

3:
In 2003, the legislature changed the title of a child support master to associate judge for Title IV-D cases.  
See 
Act of May 27, 2003, 78th
 Leg., R.S., ch. 1258, §§ 2-15, 25-28, 2003 Tex. Gen. Laws 3564, 3564-68, 3570 (eff. Sept. 1, 2003).

4:
In light of this holding, we need not address the attorney general’s first argument that Texas Family Code section 201.007 gave the Title IV-D associate judge in this case the authority to render and sign a final default order and that such order is the order of the referring court.  
See 
Tex. Fam. Code Ann.
 §§ 201.007(a)(14)(B), (c) (Vernon Supp. 2006).