

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00142-CV

## IN THE INTEREST OF J.R.S., A CHILD

_____

**From the 18th District Court
Johnson County, Texas
Trial Court No. D200206334**

## MEMORANDUM OPINION

The Office of the Attorney General appeals from the trial court's judgment denying its "Motion to Determine Controlling Order and Confirm Arrearages." The Attorney General complains that the trial court erred by not granting its motion which would set aside a prior judgment for lack of subject matter jurisdiction pursuant to the Uniform Interstate Family Support Act ("UIFSA"). *See* TEX. FAM. CODE ANN. Ch. 159 (West 2008). Because we find that the trial court erred by denying the Attorney General's motion, we reverse the judgment of the trial court, set aside the order of August 31, 2009, render judgment of $6,290.17 as of September 12, 2011, and remand this cause to the trial court for further proceedings.

*Procedural History*

In 2000, Adrian A. was ordered to pay child support for J.R.S. to Barbara S. in the state of Colorado. The child support order was registered and enforced in Texas in 2003, and enforced a second time in Texas in 2007. In 2008, Adrian filed a petition to modify in Johnson County, Texas in which he sought the termination of his child support obligation and arrearages. The trial court entered temporary orders in January of 2009 and then a final judgment on August 31, 2009 which terminated his child support obligation and determined that he owed no arrearages. At the temporary orders hearing the trial court was informed that Barbara had moved to Colorado and left the child with her father. The Attorney General had been notified of the proceedings but did not appear. Barbara did not appear because her whereabouts were unknown and she had been served by publication.

In 2011, the Attorney General filed a motion to determine the controlling court order and to establish arrearages. At that hearing, evidence was admitted that showed Adrian's arrearages to be $6,290.17 as of September 12, 2011. The arrearages were based on Adrian's ongoing obligation as it had been established in the orders entered prior to 2009. The trial court denied the motion.

*Standard of Review*

An order regarding child support will not be overturned unless the trial court clearly abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990);

*Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (reviewing an enforcement order under an abuse-of-discretion standard). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford*, 801 S.W.2d at 109. A trial court does not abuse its discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *In re C.A.M.M.*, 243 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). However, a trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Conversely, when there is a determination of subject matter jurisdiction—a question of law—we apply a de novo standard of review. *In re G.S.G.*, 145 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re M.W.T.*, 12 S.W.3d 598, 601 (Tex. App.—San Antonio 2000, pet. denied); *In re V.L.C.*, 225 S.W.3d 221, 226 (Tex. App.—El Paso 2006, no pet.).

### *Subject Matter Jurisdiction and the UIFSA*

The Attorney General contends that the order from August 31, 2009 is void because Texas had no subject-matter jurisdiction to modify the 2000 support order from Colorado. When a party seeks to modify a support order issued by another state, the UIFSA applies. *See* TEX. FAM. CODE ANN. § 156.408(a) (West 2008); *In re T.L.*, 316 S.W.3d

78, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Thus, a party seeking to modify a support order from another state must establish jurisdiction pursuant to the UIFSA. *In re T.L.*, 316 S.W.3d at 83.

Jurisdiction under the UIFSA rests upon the concept of continuing, exclusive jurisdiction to establish and modify a child support obligation. *See* TEX. FAM. CODE ANN. § 159.205. Once a court having jurisdiction enters a support decree, that tribunal is the only one entitled to modify the decree so long as that tribunal retains continuing, exclusive jurisdiction under the UIFSA. *See id.* §§ 155.002-.003, 159.205-.206; *see also In re T.L.*, 316 S.W.3d at 83. Another state may be required by the UIFSA to enforce the existing support decree, but it has no authority under that Act to modify the original decree so long as one of the parties remains in the issuing state. *See* TEX. FAM. CODE ANN. § 159.205. The responding state may assume the power to modify it, as reflected in section 159.611, only if the issuing state no longer has a sufficient interest in the modification of its order. *See id.* § 159.611.

In this case, Colorado acquired and retained jurisdiction over matters regarding the child support obligation for J.R.S. by the 2000 order and Texas had acquired jurisdiction solely for purposes of enforcing that order when it was registered with the Texas court in 2003.[1] Texas, as the responding state under the UIFSA, could go beyond mere enforcement and assume jurisdiction to modify the 2000 Colorado order only if

---

[1] The 2003 and 2007 orders were for enforcement only; the Attorney General did not seek modification.

Colorado had lost its jurisdiction to modify that order. *See* TEX. FAM. CODE ANN. § 159.611. Section 159.611(a) of the UIFSA states:

> (a) Except as provided by Section 159.615, on petition a tribunal of this state may modify a child support order issued in another state and registered in this state only if Section 159.613 does not apply and after notice and hearing the tribunal finds that:
>
>   (1) the following requirements are met:
>
>     (A) the child, the obligee who is an individual, and the obligor do not reside in the issuing state;
>
>     (B) a petitioner who is a nonresident of this state seeks modification; and
>
>     (C) the respondent is subject to the personal jurisdiction of the tribunal of this state; or
>
>   (2) this state is the state of residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.

TEX. FAM. CODE ANN. § 159.611.

Under subsection (a)(1), Texas did not acquire continuing, exclusive jurisdiction to modify the 2000 Colorado order if Adrian, Barbara, or J.R.S. resided in Colorado. The scant reporter's records from the modification hearings in 2009 mention that Barbara and the child were residing in Colorado, albeit in different locations. Accordingly, Texas did not acquire continuing, exclusive jurisdiction to modify the 2000 Colorado order under subsection (a)(1). *See id.* § 159.611(a)(1).

Under subsection (a)(2), Texas could acquire continuing, exclusive jurisdiction to modify the 2000 Colorado order if, among the other requirements, all of the parties had filed consents in a record "in the issuing tribunal" of Colorado reflecting their consent to Texas assuming jurisdiction to modify the 2000 Colorado order. *See id*. § 159.205(a)(2). There is nothing in the record to show that consents were filed with the court in Colorado.

The evidence in the record from the 2009 modification proceeding does not satisfy the statutory requirements necessary for Colorado to lose its continuing, exclusive jurisdiction to modify the 2000 order.

Because the statutory requirements for Colorado to lose continuing, exclusive jurisdiction were not satisfied, Texas did not have jurisdiction to modify the 2000 Colorado order. Because the trial court's order of August 31, 2009 was entered without subject matter jurisdiction, that order is void. *See Carroll v. Carroll*, 304 S.W.3d 366, 368 (Tex. 2010) (declaring judgment void by court lacking subject matter jurisdiction); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (concluding that a judgment is void when the court had no jurisdiction over the subject matter or to enter the particular judgment). Accordingly, the trial court erred in denying the Attorney General's motion to determine the controlling order and to confirm arrears. We sustain the Attorney General's first issue. We reverse the trial court's order of February 3, 2012; set aside the trial court's judgment of August 31, 2009; and render judgment that the arrearages

owed by Adrian as of September 21, 2011 were $6,290.17. We remand this cause to the trial court for further proceedings.

*Conclusion*

Having found that the August 31, 2009 order was void, we reverse the trial court's order of February 3, 2012 which denied the motion of the Attorney General. We also set aside the trial court's judgment of August 31, 2009, and render judgment that the arrearages owed by Adrian as of September 21, 2011 were $6,290.17. We remand this cause to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and rendered in part; reversed and remanded in part
Opinion delivered and filed July 25, 2013
[CV06]