**HARRIS COUNTY DISTRICT AT-
TORNEY, John B. Holmes,
Jr., Appellant,**

v.

**Nicole Teresa LACAFTA, Appellee.**

No. 14–96–00376–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 25, 1997.

Scott A. Durfee, Houston, for appellant.

Alan Cohen, houston, for appellee.

Before MURPHY, C.J., and ANDERSON
and O'NEILL, JJ.

## MAJORITY OPINION

O'NEILL, Justice.

This is an appeal from an order granting Nicole Teresa Lacafta, appellee, expunction of her name from the criminal record of Anastacia Alva. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.1997). Lacafta's name appears in Alva's criminal record as an alias because, when Alva was arrested for public lewdness, she represented herself to be Lacafta and presented a fake identification card with Lacafta's name. In two points of error, the district attorney claims the trial court erred in granting the expunction because (1) Lacafta failed to show she was arrested for commission of the offense made the subject of the court's expunction order, which is a predicate to relief under the expunction statute, and (2) the statute does not provide for expunction of an alias name from another person's criminal record.[1] We sus-

---

1. Lacafta filed no appellate brief in connection with this appeal.

tain the district attorney's points of error, and reverse the judgment of the trial court.

In May of 1995, Lacafta's temporary driver's license was stolen. Alva used the license without Lacafta's consent to obtain a false identification card, which she used to obtain a job dancing at a topless nightclub. Alva was arrested at the nightclub posing as Lacafta, and was charged with public lewdness. The court disposed of the case on June 28, 1995, and made changes on the information and internal court documents to reflect Alva's proper name. Lacafta's name remained listed, along with the court's handwritten notation "name changed to read Anastacia Moonglow Alva." Alva pled guilty to the charged offense and was placed on probation. When Alva failed to comply with the conditions of her probation, Lacafta had to appear at all of Alva's hearings and prove she was not the defendant in question.

Lacafta filed this civil suit seeking to have her name expunged from the records in Alva's case. After a hearing on the matter, the district court made findings of fact and conclusions of law, and entered a judgment ordering the expunction of Lacafta's name from Alva's records. The district attorney contends the trial court erred in granting the expunction because all of the statutory requirements were not met. Specifically, the district attorney claims the evidence was insufficient to support the trial court's finding that Lacafta was arrested, which is a predicate to expunction, and the statute does not provide for expunction of an alias name from another person's criminal records.

■ The right to expunction is neither a constitutional nor common law right, but a statutory privilege. *Matter of Wilson,* 932 S.W.2d 263, 265 (Tex.App.—El Paso 1996, no writ) (citing *State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 182 (Tex.App.—Houston [14th Dist.] 1985, no writ)). Article 55.01 of the Texas Code of Criminal Procedure allows those who are wrongfully arrested the opportunity to expunge their arrest records. TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.1997); *Harris County Dist. Atty's Office v. R.R.R.,* 928 S.W.2d 260, 264 (Tex. App.—Houston [14th Dist.] 1996, *no* writ) (citing *Harris County Dist. Atty's Office v.*

*J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991)); *State v. Knight,* 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1991, no writ). An expunction proceeding is civil rather than criminal, and the plaintiff bears the burden of proving compliance with the statute. *Texas Dep't of Pub. Safety v. Katopodis,* 886 S.W.2d 455, 457 (Tex.App.—Houston [1st Dist.] 1994, no writ). Where a cause of action is created by statute, all statutory provisions are mandatory and exclusive and must be complied with in order to sustain the action. *Matter of Wilson,* 932 S.W.2d at 266; *Harris County Dist. Attorney's Office v. Burns,* 825 S.W.2d 198, 202 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Thus, a person is entitled to expunction only when all statutory conditions have been met, and the court has no equitable power to extend the clear meaning of the statute. *Burns,* 825 S.W.2d at 200 (citing *Texas Department of Public Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ)).

■ Article 55.01 of the Texas Code of Criminal Procedure provides, in pertinent part, as follows:

(a) *A person who has been arrested* for commission of either a felony or a misdemeanor is entitled to have all records and files *relating to the arrest* expunged if:

(1) the person is tried for the offense *for which the person was arrested* and is:

(A) acquitted by the trial court; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense *arising out of the transaction for which he was arrested* or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable

cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12 ...

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

(b) A district court may expunge all records and files *relating to the arrest of a person who has been arrested* for commission of a felony or misdemeanor under the procedure established under Article 55.02 of this code if the person is:

(1) tried for the offense *for which the person was arrested;*

(2) convicted of the offense; and

(3) acquitted by the court of criminal appeals.

TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.1997) (emphasis added). An arrest is a threshold requirement under the expunction statute. *Burns,* 825 S.W.2d at 202; *see also State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 183 (Tex.App.—Houston [14th Dist.] 1985, no writ) (holding a corporation is not entitled to the benefits of the expunction statute, since a corporation cannot be "arrested").

In the present case, the trial court found that "[p]etitioner was arrested for a misdemeanor offense, to wit 'Public Lewdness.'" This conclusion of law appears to be based upon the court's finding that, when Alva failed to appear for her probation officer, "[t]he Police obtained [Lacafta's] name and address and detained petitioner in that she was not free to leave at [sic] her own free will." The district attorney challenges the sufficiency of the evidence to support these findings.

■ Findings of fact made by the trial court have the same force and dignity as a jury's verdict, but are not conclusive where, as here, there is a complete statement of facts in the record. *See Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.

App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curium,* 699 S.W.2d 199 (Tex.1985). We will review the court's findings for factual sufficiency by the same standard used to review the evidence supporting a jury's finding. *Tucker v. Tucker,* 908 S.W.2d 530, 532 (Tex.App.—San Antonio 1995, writ denied). The court's findings will be upheld if they are supported by more than a scintilla of evidence, that is where the evidence creates more than a mere surmise or suspicion of its existence. *See Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Stedman v. Georgetown Sav. & Loan Ass'n,* 595 S.W.2d 486, 488 (Tex.1979).

■ We have reviewed the record in the present case and find no evidence to support the trial court's finding or conclusion that Lacafta was arrested. When asked whether she was the person arrested on or about May 10, 1995, in Houston, Texas, for exposing herself at a nightclub, Lacafta responded "No." Nor was there evidence to support the court's finding that, when Alva violated her conditions of probation, the police detained Lacafta and she was not free to leave of her own free will. Lacafta merely testified she had to "go forward in Court to disprove to the District Attorney that [she] was not the person arrested," and had to "show up at all of the court hearings at Criminal Court No. 2 until this case was resolved." This testimony is not legally or factually sufficient to support the trial court's finding that Lacafta was arrested. Moreover, even if there had been evidence to support such a finding, the scope of the expunction order could not extend beyond the records of *that* arrest. Although we are sympathetic to Lacafta's plight, nothing in article 55.01 authorizes a court to grant partial expunction of information from another criminal defendant's files. Any such remedy must be crafted by the Legislature, not the court.

Accordingly, we sustain the district attorney's points of error, and reverse the trial court's order of expunction.

ANDERSON, Justice, concurring.

Nicole Lacafta is a victim. First she was victimized by the thief who stole her driver's

license. Now, she is victimized by the inflexible formalities of our state's expunction laws.

Anastacia Alva was arrested on May 11, 1995, for public lewdness. Ms. Lacafta was not arrested on that date for that offense. Nevertheless, because Alva was using Lacafta's name at the time of the arrest, the criminal records of the State of Texas will show Nicole Lacafta's name permanently linked with Alva's misdemeanor arrest.

The majority opinion ably demonstrates that expunction does not lie for individuals who were not arrested, but merely have their name sullied. Because Ms. Lacafta was not arrested, I am compelled, based on the clear language in Article 55.01, to concur with the majority.[1] However, in a shrinking world with ever expanding computer data banks, Nicole Lacafta's name will be forever stigmatized by the taint of Alva's conviction. Ms. Lacafta is, in fact, being unfairly punished for a crime she did not commit, but our Legislature has not enacted a remedy to right this wrong. But, as long as the law remains in its current state, expunction may not be granted for equitable reasons.

In a 1992 concurrence, Judge Benevides eloquently addressed sentiments similar to my own.

> I am now obliged to enforce that law just as I would any other. The fact that I disagree with it ... is of little more consequence than the fact of my disagreement with some laws enacted by the legislature or other decisions of this Court with which I[am] not in accord. My clear duty as a citizen and a judicial officer is to obey and enforce those laws as they are, not as I would have them to be.

*Vargas v. State*, 838 S.W.2d 552, 557 (Tex. Crim.App.1992).

I, too, have a clear duty to enforce the law as it now exists. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01. My sympathies, however, are with Ms. Lacafta. Her good name is now irrevocably besmirched because the State has taken it into its computer systems and, based on Article 55.01, she cannot extract it from those records. She has suffered an irrevocable, and painful, loss.[2] As William Shakespeare noted in OTHELLO:

> Good name in man and woman, dear my Lord,
> Is the immediate jewel of their souls:
> Who steals my purse steals trash; 'tis something, nothing;
> 'Twas mine, 'tis his, and has been slave to thousands;
> But he that filchs from me my good name
> Robs me of that which not enriches him
> And makes me poor indeed.

WILLIAM SHAKESPEARE, OTHELLO act 3, sc. 3, lines 156–161.

---

1. Article 55.01 was enacted to enable persons who are wrongfully *arrested* to expunge their *arrest* records. *State v. Knight*, 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] no pet.).

2. Other parties to this case have recognized Ms. Lacafta's tragic dilemma. Ms. Lacafta's petition for expunction was served on the District Attorney for Harris county, among others. The general counsel for the District Attorney, in a letter to petitioner's attorney, noted that the District Attorney sympathized with any person who has their identity misappropriated by an offender in view of the magnitude of "the problems cause[d] by misidentification of offenders in the criminal justice system...." However, based on the statutory restraints applicable to this case, the general counsel advised the attorney for petitioner that the District Attorney "*reluctantly* opposes the granting of judicial relief under Chapter 55 of the Code of Criminal Procedure ...." (emphasis added).