Affirmed and Memorandum Opinion filed December 6, 2005









Affirmed
and Memorandum Opinion filed December 6, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00118-CV

____________

 

EX PARTE KEVIN
MICHAEL BOETTNER

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 04CV0660

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kevin Michael Boettner appeals
from the trial court=s order denying his petition for the
expunction of records.  Finding no
reversible error, we affirm.

Procedural Background








On June 23, 2004, Boettner filed a
petition in which he sought Ato expunge [six]
false extraneous offense accusations.@  He alleged all the offenses occurred between
1988 and 1991, involved a minor, B.B.C., and consisted of (1) providing alcohol
to B.B.C., (2) providing cocaine and marijuana to B.B.C., (3), Avaginal sex@ with B.B.C., (4) Aanal sex@ with B.B.C., (5) Abreast sex@ with B.B.C., and
(6) Aoral sex@ with B.B.C.  He stated he was Anever questioned,
charged, arrested, indicted, tried, or found guilty of the alleged illegal
conduct,@ but contended the
offenses were listed in the State=s notice of intent
to introduce extraneous offenses at his 1999 trial for a 1996 sexual assault of
fifteen year-old F.T.M., of which he was found guilty.[1]  He named ten respondents, including the AGalveston County
Criminal District Attorney=s Office,@ as agencies,
officials, or other public entities having records concerning the charges.  The certificate of service shows service only
on the Clerk of Court for Galveston County. 
A status conference on the motion was set for September 23, 2004.

On July 9, 2004, Boettner filed a Amotion requesting
the court to determine case disposition through instruments submitted via U.S.
mail, in lieu of petitioner=s bench warrant.@  He stated, AAny needed
testimony can be readily submitted to the court, via U.S. mail, and supported
by an inmate declaration under penalty of perjury . . . thus eliminating the
need for petitioners [sic] in camera personal presence.@  The certificate of service shows service on
the Galveston County Criminal District Attorney.

The trial court=s docket sheet
shows the following entries for July 21, 2004: AOrder Granting
Expunction is signed@; AEntry of 7-21-04
made in error.@

On August 20, 2004, Boettner filed a
motion for summary judgment and a proposed order granting the expunctions.  As a ground, he asserted that as of August
17, 2004, fifty-five days after he filed his petition for expunction, none of
the ten named respondents had answered. 
The certificate of service shows service on the Galveston County Acting
District Clerk and the Galveston County Criminal District Attorney.








On September 22, 2004, the Galveston
County Criminal District Attorney filed his original answer to Boettner=s petition for
expunction and asserted a general denial. 
The trial court=s docket sheet shows no entry for
September 23, 2004, the date originally set for a status conference.  On September 27, 2004, the criminal district
attorney filed his first amended answer, repeating the general denial and also
contending Boettner did not  meet the
requirements for expunction because he alleged he had never been arrested for
any of the six offenses.

On September 30, 2004, the trial court
denied Boettner=s petition by written order.  The trial court found the petition failed to
meet the requirements of Texas Code of 
Criminal Procedure Article 55.01(a) because Boettner failed to allege he
was arrested for the extraneous offenses he was seeking to expunge.[2]

On November 12, 2004, Boettner first
received notice of the trial court=s order denying
his petition.[3]  On December 6, 2004, Boettner filed a notice
of appeal, a motion for new trial, and a request for findings of fact and
conclusions of law.  On December 28,
2004, he filed a notice of past due findings of fact and conclusions of
law.  On January 19, 2004, the trial
court denied his motion for new trial and filed its findings of fact and
conclusions of law.  The trial court
concluded the petition was fatally defective because Boettner did not allege he
was ever arrested for the extraneous offenses he sought to expunge.

Introduction








Boettner=s appellate issues
fall into four groups, based on the parts of the process he attacks: (1) the
July 21, 2004 docket entries (issue one), (2) the September 30, 2004 order
denying Boettner=s petition (principally issue eight), (3)
his lack of immediate notice of the September 30, 2004 order (principally issue
seven), and (4) procedural events leading up to and following the trial court=s entry of the
September 30, 2004 order (multiple issues).[4]  All of Boettner=s issues relate to
the expunction proceeding, which is a civil, rather than a criminal,
proceeding.  See Harris County Dist.
Attorney v. Lacafta, 965 S.W.2d 568, 569 (Tex. App.CHouston [14th
Dist.] 1997, no pet.).  Accordingly, we
may reverse on the ground the trial court made an error of law only if the
error of which Boettner complains probably caused the rendition of an improper
judgment or probably prevented Boettner from properly presenting the case on
appeal.  Tex. R. App. P. 44.1(a).

As discussed in Part I below, an order
granting of Boettner=s petition on July 21, 2004, would have
been an incorrect order.  As discussed in
Part II below, denial of Boettner=s petition was
proper based on the assertion Boettner made in his petition that he had never
been arrested for the offenses at issue. 
As discussed in Part III below, the trial court=s late
notification to Boettner did not prevent him from properly presenting his case
on appeal.  Given the disposition of
Boettner=s issues related
to these matters, we address his remaining procedural issues only briefly
because, even if Boettner established error, the types of error he alleges do
not warrant reversal.

Discussion

I. 
The Docket Entries








In issue one, Boettner contends the trial court erred or abused its
discretion when, on the docket sheet, it noted as Aerror,@ its July 21, 2004 order granting
expunction.  The trial court=s docket sheet
shows the following entries for July 21, 2004: AOrder Granting
Expunction is signed@; AEntry of 7-21-04
made in error.@ 
The order granting expunction is not part of the appellate record, and
there is no indication it was ever part of the clerk=s record in the
trial court.  Former Texas Code of
Criminal Procedure Article 55.02 section 2(c) provided that the court Ashall set a
hearing on the [expunction petition] no sooner than thirty days from the filing
of the petition and shall give reasonable notice of the hearing to each
official or agency or other entity named in the petition by certified mail,
return receipt requested.@ 
Act of May 30, 1999, 76th Leg., R.S., ch. 1236, ' 2, 1999 Tex. Gen.
Laws 4279, 4280 (amended 2005) (current version at Tex. Code Crim. Proc. Ann. art. 55.02 ' 2(c) (Vernon
Supp. 2005)).  Appellant=s petition was
filed June 23, 2004.  Absent waiver, an
order granting expunction rendered before the thirty-day waiting period
violates the statute.  See Rodriguez
v. T.M.B., 812 S.W.2d 449, 449B451 (Tex. App.CSan Antonio 1991,
no writ).  Accordingly, the trial court
correctly noted entry of the order was in error.

We overrule Boettner=s issue one.

II. 
Denial of the Petition for Expunction

In issue eight, Boettner contends the
trial court erred or abused its discretion in entertaining and granting the
criminal district attorney=s Auntimely,
erroneous, and prejudicially filed,@ first amended
original answer.  In his first amended
original answer, the criminal district attorney argued the  court should deny the petition because Texas
Code of Criminal Procedure Article 55.01 requires that the person moving for
expunction must have been placed under arrest for commission of the felony or
misdemeanor for which he is seeking expunction of the records, and Boettner
admitted he was never arrested for the six extraneous offenses.  The trial court denied the petition for that
reason.

Article 55.01(a)(2), on which Boettner
relies, provides:

(a) A person who has been placed
under a custodial or noncustodial arrest for commission of either a felony
or misdemeanor is entitled to have all records and files relating to the
arrest expunged if . . . 

(2) each of the following
conditions exist: 








(A) an indictment or information
charging the person with commission of a felony has not been presented against
the person for an offense arising out of the transaction for which the
person was arrested or, if an indictment or information charging the person
with commission of a felony was presented, the indictment or information  has been dismissed or quashed, and:

(i) the limitations period expired
before the date on which a petition for expunction was filed under Article
55.02; or

(ii) the court finds that the
indictment or information was dismissed or quashed because the presentment had
been made because of mistake, false information, or other similar reason
indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void;

(B) the person has been released
and the charge, if any, has not resulted in a final conviction and is no longer
pending and there was no court ordered community supervision under Article
42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been
convicted of a felony in the five years preceding the date of the arrest.

 

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)
(Vernon Supp. 2005) (emphasis added), 
Thus, an arrest is the threshold requirement under the expunction
statute on which Boettner relies.  Lacafta,
965 S.W.2d at 570.

A person is entitled to expunction only
when all statutory conditions have been met, and the court has no equitable
power to extend the clear meaning of the statute.  Id. at 569.  Given Boettner=s representation,
repeated at least three times in his pleadings and motions, that he was not
arrested for any of the six offenses at issue, the trial court correctly denied
his petition for expunction.








Boettner, however, relies on the following
language in subsection (a)(2)(A) to argue the 1998 arrest brings him under the
statutory requirements: Aan indictment or information charging the
person with commission of a felony has not been presented against the person
for an offense arising out of the transaction for which the person was
arrested.@  Tex. Code Crim. Proc. Ann. art.
55.01(a)(2)(A).  Boettner appears to
reason the six offenses for which he seeks expungement arose out of the 1996
sexual assault of F.T.M. (the Atransaction@ for which he
states he was arrested in 1998) because they were introduced as extraneous
offenses in his trial for the 1996 sexual assault.  Boettner provides no authority for this novel
interpretation of Article 55.01, and we have found none.[5]

We overrule Boettner=s issue eight as
it relates to the merits of the trial court=s denial of his
motion.  We address his remaining issue
eight complaints in Part IV below.

III. 
Untimely Notification of the Denial of the Petition

In issue seven, Boettner complains, among
other matters, that the trial court did not timely notify him of the September
30, 2004 denial of his petition for expunction, thereby obstructing this court=s jurisdiction and
review.  On February 10, 2005, this court
abated the appeal and remanded the case to the trial court for a hearing and an
entry of an order finding the date when Boettner first received notice or
acquired actual notice the order was signed. 
See Tex. R. Civ. P. 306a(5); Tex. R. App. P. 4.2(c).  The trial court found Boettner received
notice on November 12, 2004.  November
12, 2004, therefore determined Athe beginning of
the periods prescribed by these rules for the court=s plenary power to
grant a new trial . . . and for filing in the trial court the various documents
that these rules authorize a party to file within such periods including, but
not limited to, motions for new trial . . . and requests for findings of fact
and conclusions of law.@  Tex. R. Civ. P. 306a(1); see id.,
sec. (4).  This court has considered
Boettner=s notice of appeal
as timely filed, and has reviewed his issues on the merits.  Accordingly, the untimely notification of the
denial of Boettner=s petition did not preclude this court=s review of
Boettner=s issues on the
merits.








We overrule Boettner=s issue seven as
it relates to his contention error obstructed this court=s jurisdiction and
review.

IV. 
Remaining Allegations of Procedural Error

In issues two and three, Boettner
complains the criminal district attorney=s original answer
was untimely and the trial court erred by Aentertaining@ it.  As part of issue eight, he complains of the
untimeliness of the criminal district attorney=s first amended
answer.  In issues six and seven, he sets
forth a litany of complaints, arguing the trial court obstructed his due
process rights and access to appellate court jurisdiction and review.  In issue five, he complains the trial court
did not inform him of its action on September 23, 2004.[6]  One theme running through these overlapping
and sometimes multifarious issues is a complaint that Boettner did not have an
opportunity to respond to the criminal district attorney=s arguments or to
be heard before September 30, 2004, the date the trial court denied his
petition.  








A trial court may rule on a petitioner=s eligibility for
expunction under subsection (a) of article 55.01 without holding a hearing when
all of the facts necessary to determine the issue under subsection (a) are
available to the court.  See Ex parte
Current, 877 S.W.2d 833, 839B40 (Tex. App.CWaco 1994, no
writ).[7]  As discussed in Part II, above, Boettner
cannot succeed on the merits of his petition because he acknowledged in his
pleadings that he has not been arrested for the offenses at issue.  When a petitioner=s success on the
merits is improbable, a trial court=s error in failing
to conduct a hearing is harmless.  See
McCarroll v. Tex. Dep=t of Pub. Safety, 86 S.W.3d 376,
378 (Tex. App.CFort Worth 2002, no pet.).  Here, because Boettner could not have
succeeded on the merits of his expunction request, no harm resulted from the
lack of a hearing.

We overrule issues two, three, five, six,
seven, and eight as they relate to Boettner=s alleged lack of
notice of, or the trial court=s failure to hold,
a hearing on his petition.

As part of issue two, Boettner appears to
contend he was entitled to expungement because the criminal district attorney
did not timely answer the petition.  In
support he relies on Texas Rule of Civil Procedure 99, which provides, in part,
that a civil citation is to give the following notice to a defendant: A>If you or your
attorney do not file a written answer with the clerk who issued this citation
by 10:00 a.m. on the Monday next following the expiration of twenty days after
you were served this citation and petition, a default judgment may be taken
against you.=@  Tex.
R. Civ. P. 99(c).  If Boettner is
arguing he was entitled to a default judgment on the basis of the criminal
district attorney=s untimely answer, his argument fails
because there is nothing in the record to show service of citation on the
criminal district attorney.  See Tex. R. Civ. P. 239 (providing default
judgment may be taken if citation with the officer=s return thereon
shall have been on file with clerk for requisite length of time).

We overrule issue two as it relates to
Boettner= contention he was
entitled to a default judgment on his petition.








Finally, in issue nine, Boettner contends
the trial court acted outside its plenary power when, on January 19, 2005, it
denied Boettner=s motion for new trial and entered its
findings of fact and conclusions of law. 
Given November 12, 2004, as the date on which the period for
post-judgment motions commenced, Boettner=s motion for new
trial was timely filed on December 6, 2004. 
See Tex. R. Civ. P. 329b
(motion for new trial to be filed prior to or thirty days after judgment
signed).  The trial court had plenary
power Auntil thirty days
after all such timely‑filed motions are overruled, either by a written
and signed order or by operation of law, whichever occurs first.@  Tex.
R. Civ. P. 329b(e).  The motion
would not have been overruled by operation of law until January 26, 2005.  See Tex.
R. Civ. P. 329b(c) (stating motion for new trial is overruled by
operation of law if court does not determine such order by written motion
within seventy-five days after judgment signed).  The trial court acted within its plenary power
when it denied Boettner=s motion for new trial and entered its
findings of fact and conclusions of law.

We overrule issue nine.

Conclusion

Although we do not endorse the manner in
which the trial court proceeded to consider Boettner=s petition for
expunction, we have found no reversible error in the proceedings about which
Boettner complains, and therefore we overrule Boettner=s nine
issues.  Accordingly, we affirm the
judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 6, 2005.

Panel
consists of Chief Justice Hedges and Justices Anderson and Frost.











[1]  The First
Court of Appeals affirmed the judgment of conviction in Boettner v. State,
No. 01‑00‑00250‑CR, 2000 WL 1831542 (Tex. App.CHouston [1st Dist.] Dec. 14, 2000, pet. ref=d) (not designated for publication).





[2]  See Tex. Code Crim. Proc. Ann. art.
55.01(a) (Vernon Supp. 2005).





[3]  After
reviewing the clerk=s record and Boettner=s motion
to have the trial court establish the date he received notice of the trial
court=s order, this court abated the appeal and remanded the
case to the trial court for a hearing and an entry of an order finding the date
when Boettner first received notice or acquired actual notice the order was
signed.  The trial court found Boettner
received notice on November 12, 2004.





[4]  Boettner
raises the following issues: (1) whether the trial court erred or abused its
discretion by noting as Aerror,@ its July 21, 2004 order granting expunction; (2)
whether the criminal district attorney=s
original answer was untimely filed, (3) whether the trial court erred or abused
its discretion in entertaining the criminal district attorney=s original answer, (4) whether the trial court had
illegal and biased ex parte communications with the criminal district attorney,
(5) whether various entities Aabuse[d] discretion@ by not
recording, filing, or serving an order reciting action taken at the Apre trial hearing,@ (6)
whether various entities erred or abused their discretion Aby intentionally denying and/or obstructing [his] due
process rights,@ (7) whether various entities erred or abused their
discretion Aby intentionally denying and/or obstructing the
appellate courts [sic] jurisdiction and review,@ (8)
whether the trial court erred or abused its discretion in entertaining and
granting the criminal district attorney=s Auntimely, erroneous, and prejudicially filed,@ first amended original answer, and (9) whether the
trial court erred or abused its discretion Aby
untimely entertaining, denying and/or answering,  [his] motions for new trial and request for
findings of fact and conclusions of law.@  On their face, and as developed, most of
these issues are multifarious.  We are
not required to address multifarious issues. 
Willis v. Donnelly, 118 S.W.3d 10, 33 n.15 (Tex. App.CHouston [14th Dist.] 2003, pet. granted).





[5]  He may also be
reasoning the extraneous offense arose out of the 1996 sexual assault because
the victim of the extraneous offenses was the mother of the victim of the 1996
sexual assault and allegedly instigated the 1996 case because of she disliked
Boettner.  See Boettner, 2000 WL
1831542, at *2 (not designated for publication).  Boettner also fails to provide authority for
this interpretation of article 55.01.





[6]  The record is
devoid of any indication the trial court held a hearing or took any action on
September 23, 2004.  The record is also
devoid of any indication the trial court engaged in impermissible ex parte
communication as Boettner argues in issue four. 
Accordingly, we overrule issue four.





[7]  There is no
indication the trial court held a hearing before entering its order.  This case is therefore distinguishable from
cases in which courts have held a petitioner=s due
process rights were violated when the trial court held a hearing on an
expungement motion in the petitioner=s
absence.  See Heine v. Tex. Dep=t of Pub. Safety, 92 S.W.3d 642, 650 (Tex. App.CAustin
2002, pet. denied) (involving hearing at which department and state offered
legal arguments, but called no witnesses); Ex parte Guajardo, 70 S.W.3d
202, 206 (Tex. App.CSan Antonio 2001, no pet.) (involving evidentiary
hearing).  We also note Boettner filed a
motion requesting the court to dispose of the case through instruments
submitted via mail, an apparent waiver of a hearing.  Finally, in his motion for new trial and his
argument before this court, Boettner has had the opportunity to present his
legal response to the criminal district attorney=s
argument.