Reversed and Rendered and Opinion filed November 13, 2008








 

Reversed
and Rendered and Opinion filed November 13, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00949-CV

____________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

 

v.

 

J.H.J., Appellee

 

 



 

On Appeal from the
268th District Court

Fort Bend County,
Texas

Trial Court Cause
No. 04-CV-136361

 



 

O P I N I
O N

The
Texas Department of Public Safety appeals from a trial court judgment that
expunged the arrest and probation records of appellee J.H.J.  Because appellee
does not meet the statutory expunction requirements, and because we have no
equitable power to extend the protections the expunction statute affords, we
must reverse the trial court=s judgment and render judgment denying appellee=s expunction request.








BACKGROUND

On March
31, 2000, J.H.J. entered a plea of guilty/nolo contendere to a charge of Class
B misdemeanor theft.  The trial judge deferred an adjudication of J.H.J.=s guilt and imposed probation for six
months pursuant to article 42.12, section 5 of the Texas Code of Criminal
Procedure.  After J.H.J. completed the conditions placed on him under the trial
court=s probation order, the criminal trial
court discharged him from probation and dismissed the prosecution against him.

J.H.J.
later graduated from college but nonetheless has encountered difficulty in
securing employment because, he contends, potential employers are wary of his
arrest record.  Therefore, in May 2004, he filed an expunction petition in the
civil trial court asking that his arrest and records be expunged.  During the
pendency of the expunction proceedings, J.H.J. obtained the following nunc pro
tunc order from the criminal trial court:

On this the 10th day of August, 2000, came to be heard the defendant=s Motion for Discharge From Probation And Dismissal of
Cause, and it appears to the Court that this motion should be granted.

IT IS THEREFORE ORDERED that said period be declared to have terminated
and the defendant discharged from probation, that the defendant is permitted to
withdraw his plea, that this prosecution be dismissed, and that the defendant
is released from all penalties and disabilities resulting from the offense.

 

After reviewing
the nunc pro tunc discharge order, the civil trial court granted J.H.J.=s request and ordered the expunction
of his arrest records.  The Department of Public Safety appealed, contending
that J.H.J. does not satisfy the statutory expunction requirements.  We reverse
and render judgment that the expunction request be denied.

                                                                              

 








STANDARD
OF REVIEW

We
review a trial court=s ruling on a petition for expunction under the
abuse-of-discretion standard.  Heine v. Tex. Dep=t of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.CAustin 2002, pet. denied).  A trial
court abuses its discretion if it renders a decision that is arbitrary,
unreasonable, and without reference to guiding rules and principles.  Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).  We review a trial
court=s factual findings for sufficiency of
the evidence, using the same standards that are applied in reviewing a jury=s answer.  Harris County Dist. Att=y v. Lacafta, 965 S.W.2d 568, 570 (Tex. App.CHouston [14th Dist.] 1997, no pet.);
Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  Where, as here, the
trial court makes no separate findings of fact, we will draw every reasonable
inference that is supported by the record in favor of the trial court=s judgment.  See Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  By contrast, a trial court=s legal conclusions are reviewed de
novo.  See State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996).  Therefore, we
exercise our own judgment and determine each legal issue.  Quick v. City of
Austin, 7 S.W.3d 109, 116 (Tex. 1998).  We will uphold a trial court=s legal conclusions if its judgment
is sustainable on any legal theory supported by the evidence.  Waggoner v.
Morrow, 932 S.W.2d 627, 631 (Tex. App.CHouston [14th Dist.] 1996, no writ).

                                                                EXPUNCTION








Expunction
is neither a constitutional nor common-law right, but a statutory privilege.  McCarroll
v. Tex. Dep=t of Pub. Safety, 86 S.W.3d 376, 378 (Tex. App.CFort Worth 2002, no pet.).  Although
the expunction statute is located in the Texas Code of Criminal Procedure, an
expunction proceeding is civil rather than criminal in nature.  Lacafta,
965 S.W.2d at 569.  The petitioner therefore carries the burden of proving that
all statutory requirements have been satisfied.  Harris County Dist.
Attorney=s Office v. Hopson, 880 S.W.2d 1, 3 (Tex. App.CHouston [14th Dist.] 1994, no writ). 
A person=s entitlement to expunction arises
only after all statutory conditions have been met.  Id.; Lacafta,
965 S.W.2d at 569.  The trial court must strictly comply with the statutory
requirements, and has no equitable power to extend the protections of the
expunction statute beyond its stated provisions.  See id.; Harris
County Dist. Attorney=s Office v. M.G.G., 866 S.W.2d 796, 798 (Tex. App.CHouston [14th Dist.] 1993, no writ).

J.H.J.
sought expunction under Article 55.01(a)(2) of the Code of Criminal Procedure,
which provides as follows:

A person who has been placed under a custodial or noncustodial arrest
for commission of either a felony or misdemeanor is entitled to have all
records and files relating to the arrest expunged if . . . each of the
following conditions exist:

(A)      an indictment or information charging the person with
commission of a felony has not been presented against the person for an offense
arising out of the transaction for which the person was arrested . . .;

(B)      the person has been released and the charge, if any, has not
resulted in a final conviction and is no longer pending and there was no
court ordered community supervision under Article 42.12 for any offense other
than a Class C misdemeanor; and

(C)      the person has not been convicted of a felony in the five years
preceding the date of the arrest.

 

Tex. Code Crim. Proc.
Ann. art. 55.01(a)(2) (Vernon 2006) (emphasis added).  The Department does not
contest that J.H.J. satisfies subsections (A) and (C); he was charged with a
Class B misdemeanor, and no felony indictment was presented against him.  See
id. art. 55.01(a)(2)(A).  In addition, J.H.J. has not been convicted of a
felony in the five years preceding the date of the arrest.  See id. art.
55.01(a)(2)(C).








Rather,
the Department=s sole contention is that, because J.H.J. received court-ordered
community supervision pursuant to article 42.12 of the Code of Criminal
Procedure, he does not satisfy the statutory requirements for expunction of his
arrest records.  See id. art. 55.01(a)(2)(B).  J.H.J. generally
acknowledges that he does not meet the article 55.01 expunction requirements. 
Under the reasoning of Cuellar v. State,[1]
however, he argues that the nunc pro tunc discharge order operates as a Ajudicial clemency@ discharge and, in effect, removes
the only obstacle standing in his path to expunction.  We disagree with J.H.J.=s expansive reading of Cuellar.

                             JUDICIAL
CLEMENCY UNDER CUELLAR v. STATE

In 1976,
Rudy Cuellar pled guilty to the felony offense of heroin possession.  Cuellar,
70 S.W.3d at 816.  He was placed on community supervision and, after he
completed it, the trial court set aside Cuellar=s conviction and dismissed the
indictment against him.  See id.  Twenty years later, Cuellar was
arrested, indicted, and convicted for Aunlawful possession of a firearm by a
felon.@  See id. at 816B17.  Cuellar argued on appeal that
because his 1976 conviction was set aside, there was no underlying felony
conviction to support the 1996 conviction, which requires, as one of its
elements, a previous felony conviction.  See id. at 817.  The Texas
Court of Criminal Appeals agreed with Cuellar and held that article 42.12,
section 20(a) creates Atwo entirely different types of >discharge= from felony community supervision.@  Id. at 818.

In the Ausual method@ of discharge, which encompasses the
vast majority of felony probation sentences, a person who completes community
service is still considered a convicted felon.  Id.  However, section
20(a) also includes a Asecond, less common type of discharge@:








This second
type of discharge is not a right but rather is a matter of Ajudicial clemency@
within the trial court=s sole discretion.  That is, when a trial judge
believes that a person on community supervision is completely rehabilitated and
is ready to re-take his place as a law-abiding member of society, the trial
judge may Aset aside the verdict or permit the defendant to
withdraw his plea, and shall dismiss the accusation, complaint, information or
indictment against the defendant, who shall thereafter be released from all
penalties and disabilities resulting from the offense or crime of which he has
been convicted or to which he has pleaded guilty.@  These words are crystal clear.  There is no doubt as to their
meaning.  If a judge chooses to exercise this judicial clemency provision, the
conviction is wiped away, the indictment dismissed, and the person is free to
walk away from the courtroom Areleased from
all penalties and disabilities@ resulting from
the conviction.

 

Id. at 818B19 (citations omitted).  Accordingly,
the Court of Criminal Appeals held that, because Cuellar=s felony conviction was set aside as
a Ajudicial clemency@ discharge, he was no longer a
convicted felon.  See id. at 820.

J.H.J.=s nunc pro tunc discharge order
fairly tracks the language of the clemency-discharge provision in section
20(a), which permits (1) the withdrawal of the defendant=s plea, (2) the dismissal of the
indictment, and (3) the defendant=s release from all penalties and
disabilities resulting from the offense.  See Tex. Code Crim. Proc. art.
42.12, ' 20(a) (Vernon 2006 & Supp.
2008).  J.H.J. contends that, although he is not statutorily eligible for
expunction, this article 42.12 clemency-discharge order trumps the expunction
provisions of article 55.01.  Resolution of this issue, then, requires us to
interpret and harmonize two separate articles of the Code of Criminal Procedure.

                                               STATUTORY
INTERPRETATION








In
Texas, it is well established that if provisions of the same statute appear to
conflict, courts should harmonize them to effectuate both by assigning each a
meaning that will permit both to stand.  See Helena Chem. Co. v. Wilkins,
47 S.W.3d 486, 493 (Tex. 2001).  Thus, to the extent possible, we must
harmonize separate articles from the Texas Code of Criminal Procedure.  See,
e.g., State v. Alley, 137 S.W.3d 866, 868 (Tex. App.CHouston [1st Dist.] 2004), aff=d, 158 S.W.3d 485 (Tex. Crim. App. 2005).  Accordingly,
we should not assign a meaning to one statutory provision that would be
inconsistent with other provisions of the same act even if the provision,
standing alone, might be susceptible to such a construction.  See Tex. Dep=t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002). 
Similarly, when a general statutory provision conflicts with a more specific
provision, both provisions should be construed so as to effectuate both.  See
Tex. Gov=t Code Ann. ' 311.026(a) (Vernon 2005).  Only in
the event that the statutes are irreconcilable will the more specific version
prevail.  See City of Dallas v. Mitchell, 870 S.W.2d 21, 22 (Tex.
1994).  However, we believe that articles 42.12 and 55.01 can be reconciled,
such that the removal of criminal Apenalties and disabilities@ that follows a clemency discharge
does not necessarily confer entitlement to the civil remedy of
expunction.

On its
face, the nunc pro tunc discharge order recites that J.H.J. received
court-ordered probation; therefore, J.H.J. does not satisfy the statutory requirements
for expunction.  See Tex. Code Crim. Proc. art. 55.01(a)(2)(B);[2]
Tex. Dep=t of Pub. Safety v. Jacobs, 250 S.W.3d 209, 211 (Tex. App.CDallas 2008, no pet.).  Were we to
adopt J.H.J.=s proposed interpretation of article 42.12, we would necessarily ignore
the article 55.01 proscription against expunction following community
supervision.  We should not adopt an interpretation that creates a conflict
between these two statutes.  See Helena Chem. Co., 47 S.W.3d at 493.








J.H.J.=s interpretation also would create an
irreconcilable conflict between articles 42.12 and 55.02.  Article 55.02
mandates the destruction of arrest records within one year of an expunction
order.  See Tex. Code Crim. Proc. art. 55.02, ' 5(d) (Vernon 2006 & Supp.
2008).  Yet article 42.12 contemplates that the defendant=s arrest records must be maintained
for possible future use in at least two scenarios.  First, if the defendant
later is convicted of another criminal offense, the defendant=s previous conviction or guilty plea Ashall be made known to the judge.@  See id. art. 42.12, ' 20(a)(1).  Second, the Texas
Department of Human Services may consider a defendant=s previous arrest in deciding whether
to issue, renew, deny, or revoke a childcare license.  See id. ' 20(a)(2).  Because article 42.12,
section 20(a),  requires that arrest records be kept for those purposes,
we do not read that statute as inconsistently promoting the destruction
of those records pursuant to expunction.  We will interpret this statute so as
to give effect to every part, including the clause that requires the retention
of a defendant=s arrest records.  See Mid-Century Ins. Co. of Tex. v. Ademaj, 243
S.W.3d 618, 621 (Tex. 2007); City of Houston v. Fletcher, 63 S.W.3d 920,
922 (Tex. App.CHouston [14th Dist.] 2002, no pet.).

To
properly harmonize both statutes, then, we hold that a person=s release from the Apenalties and disabilities@ of a criminal offense does not
entitle that person to expunction, which is a civil privilege granted to
eligible citizens.  See Campbell v. Tex. Dep=t of Pub. Safety, No. 03-02-00604-CV, 2003 WL
22037277, at *2 n.1 (Tex. App.CAustin Aug. 29, 2003, no pet.) (mem. op.) (noting that Cuellar
involved a penal, not civil, statute).  As we previously held in Brooks v.
Harris County District Attorney=s Office, one who receives community
supervision is not eligible for expunction, regardless of the type of section
20(a) discharge he receives.  Brooks, No. 14-04-00017-CV, 2004 WL
2381553, at *2 (Tex. App.CHouston [14th Dist.] Oct. 26, 2004, no pet.) (mem. op.).

                                                               STARE
DECISIS








Generally,
we adhere to our precedents pursuant to the doctrine of stare decisis,
because consistency promotes efficiency, fairness, and legitimacy.  See
Weiner v. Wasson, 900 S.W.2d 316, 320 (Tex. 1995).  If we did not follow
our own decisions, we would not be giving due consideration to litigants= settled expectations because no
issue ever could be considered truly resolved.  See id.  In addition,
the legitimacy of the judiciary rests in significant part Aupon a stable and predictable
decisionmaking process.@  Id.  Stare decisis carries even more weight
in cases involving statutory construction, because the Legislature may correct
perceived construction errors through statutory amendment.  See Fiess v.
State Farm Lloyds, 202 S.W.3d 744, 749B50 (Tex. 2006); Grimes County Bail
Bond Bd. v. Ellen, ___ S.W.3d ___, 2008 WL 2837307, at *3 (Tex. App.CHouston [14th Dist.] July 22, 2008,
pet. filed). 

            In 2004,
after Cuellar was issued, we were asked to decide whether expunction
could follow a section 20(a) clemency order that terminated the defendant=s probation, set aside his
conviction, permitted him to withdraw his plea, and dismissed the indictment.  Brooks,
2004 WL 2381553, at *1.  The petitioner in Brooks conceded that he was
placed on probation but argued that, because he received a clemency discharge,
the Aprobation never happened.@  See id. at *2.  We concluded
that expunction was unavailable:  AThe [discharge] order confirms that
probation was imposed upon appellant.  Therefore, appellant is unable to
satisfy condition (B) of article 55.01(a)(2).@  Id.  As in Brooks,
the nunc pro tunc discharge order recites that J.H.J. was to be Adischarged from probation.@  We re-affirm our holding in Brooks
that, even where the trial court issues a clemency-discharge order, expunction
remains unavailable to a person who pleads guilty and receives court-ordered
community supervision.[3]  See id.
at *3.  Although Brooks did not discuss Cuellar, we find CuellarCwhich was not an expunction caseCto be distinguishable.

At the
expunction hearing, J.H.J.=s counsel relied heavily upon Cuellar.  In the Cuellar
dissent, however, Justice Keasler noted thatCnotwithstanding the broad language of
section 20(a) releasing the defendant Afrom all penalties and disabilities@Cthe consequences of such a dismissal Aare quite limited@:








[Section]
20 Aoperates to restore civil rightsCto vote, serve on juries, and hold public officeCthat were lost by the conviction or accusation of
crime.  However, the dismissal is not an expunction and does not
preclude other collateral consequences of a criminal conviction.@

A review of other statutes confirms this.  Significantly, regardless of
the language of [section] 20 removing Aall
penalties and disabilities,@ there are a
number of statutes which impose various restrictions on a person who has
successfully completed his community supervision. . . . .

. . .  For
the rest of his life, this person cannot be a bail bond surety or a peace
officer, cannot get his record expunged, and cannot obtain a license to
carry a concealed handgun.

 

Cuellar, 70 S.W.3d at 834B35 (Keasler, J., dissenting)
(citations omitted) (emphasis added).  Finally, we note that the legislative
purpose for the expunction statute supports our statutory interpretation here.

                                                      LEGISLATIVE
PURPOSE

Even
though a statute may be clear and unambiguous, we may consider the legislative
objectives in enacting the statute.  In re Canales, 52 S.W.3d 698, 702
(Tex. 2001) (orig. proceeding).  According to the Texas Supreme Court, the
expunction statute was not designed Ato allow a person who is arrested,
pleads guilty to an offense, and receives probation pursuant to a guilty plea@ to expunge such records.  Harris
County Dist. Attorney=s Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991). 
Further, the public maintains an Aimportant interest@ in maintaining arrest records for
use in subsequent punishment proceedings, and to document and deter recidivism. 
See id.








We are
appropriately wary of elevating form over substance.  See Higgins v. Randall
County Sheriff=s Office, 257 S.W.3d 684, 688 (Tex. 2008); Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997); In re Att=y Gen. of Tex., 162 S.W.3d 739, 742 (Tex. App.CHouston [14th Dist.] 2005, orig.
proceeding).  We believe that the right to seek expunction of one=s arrest records, which is governed
by strict statutory requirements, should not turn upon whether the trial court
uses Amagic words@ in its discharge order.  See
generally Deep Nines, Inc. v. McAfee, Inc., 246 S.W.3d 842, 846 (Tex. App.CDallas 2008, no pet.) (declining to Adecide cases based on the inclusion
or omission of >magic words=@); Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192B93 (Tex. 2001) (deciding judgment finality without reference
to use or absence of AMother Hubbard@ clause).  But J.H.J. would have us
do just thatCcreate an exception that could be conjured by a particular incantation,
despite the Legislature=s clear intent that no such exception be given.

For all
of these reasons, we will sustain appellant=s sole issue.

                                                                CONCLUSION

Although
J.H.J. presents an equitable case for expunction of his arrest records, we have
no equitable power to extend the expunction statute beyond its stated
availability.  See Lacafta, 965 S.W.2d at 569.  We note that the
Legislature has provided the separate legal remedy of non-disclosure for
rehabilitated persons who, like J.H.J., seek to seal previous arrest records
from public eyes.[4]  See
Tex. Gov=t Code Ann. ' 411.081 et seq. (Vernon Supp.
2007).  However, that J.H.J. may be entitled to have his arrest records sealed
does not legally entitle him to have them destroyed.

Accordingly,
we reverse the September 22, 2006 judgment in cause number 04-CV-136361, and
render judgment denying expunction.

 

/s/      Jeff Brown

Justice

 

Judgment Rendered, and Opinion filed
November 13, 2008.

Panel consists of Justices Anderson
and Brown, and Senior Justice Hudson.*









            [1]           70
S.W.3d 815 (Tex. Crim. App. 2002).





            [2]           J.H.J.=s discharge order recites that he was ordered to Aprobation.@ 
In 1999, the Legislature amended article 55.01(a)(2)(B) to replace the word Aprobation@
with Acommunity supervision.@  See Act of May 30, 1999, 76th Leg., R.S., ch. 1236, ' 1, 1999 Tex. Gen. Laws 4279; see also Act of
May 29, 1993, 73d Leg., R.S., ch. 900, '
4.04(a), 1993 Tex. Gen. Laws 3586, 3743 (A[A]
reference in the law to >probation= or
>deferred adjudication= means >community supervision[.]=); Hoffman v. State, 922 S.W.2d 663, 667 n.3 (Tex. App.CWaco 1996, pet. ref=d);
Tex. Dep=t of Pub. Safety v. Wallace, 63 S.W.3d 805, 807 (Tex. App.CAustin 2001, no pet.) (AMisdemeanor deferred-adjudication constitutes >court ordered community supervision= under article 42.12 for purposes of the expunction
statute and renders a defendant ineligible for expunction of arrest records.@).





            [3]           Similarly,
the Fifth Court of AppealsCbefore Cuellar
recognized a distinction among section 20(a) discharge ordersCdisallowed expunction despite an apparent
clemency-discharge order that released the petitioner from Aall penalties and disabilities resulting from the
judgment of conviction.@  See Moore v. Dallas County Dist. Attorney=s Office,
670 S.W.2d 727, 728 (Tex. App.CDallas 1984, no
writ).  The appellate court nonetheless required the petitioner to strictly
satisfy all of the statutory requirements before expunction could be granted.  See
id. at 728B29.





            [4]           During
the expunction hearing, the Fort Bend Assistant District Attorney observed that
non-disclosure would be a foregone conclusion for J.H.J.





            *           Senior
Justice J. Harvey Hudson sitting by assignment.