**Mario DUNN, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–15–00340–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed June 7, 2016

Discretionary Review Refused
September 14, 2016

Jani J. Maselli Wood, Houston, TX, for Appellant.

Kimberly Aperauch Stelter, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## OPINION

Kem Thompson Frost, Chief Justice

Appellant Mario Dunn challenges his conviction for violating a protective order. He asserts that the record does not contain evidence that he had knowledge of the order or that the issuing magistrate complied with all of the statutory provisions governing orders for emergency protection. Concluding that the record contains sufficient evidence to support appellant's conviction and evidence that the trial court complied with the requisite statutory provisions, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The magistrate issued a Magistrate's Order for Emergency Protection under article 17.292 of the Code of Criminal Procedure (hereinafter the "Order"). Under the Order, appellant was prohibited from going to or near the residence of the protected individual, the complainant, or a member of the family or household, and that residence was specifically described in the Order. Five days later, Deputy Chris Crouch answered a dispatch to the complainant's residence. The complainant had called 911 fearing someone was inside her home. When Deputy Crouch arrived, the complainant was outside. She told Deputy Crouch that she believed appellant, her ex-boyfriend, was inside. According to the complainant, a protective order prohibited appellant from being on the premises.

Deputy Crouch confirmed the existence of the order prohibiting appellant from being on the premises. Deputy Crouch announced his presence and knocked for approximately five minutes before kicking down the door. With the door displaced, Deputy Crouch saw appellant run to the back of the house. Deputy Crouch ordered appellant to stop. Appellant complied, and Deputy Crouch arrested him.

Charged with violating a protective order, appellant pleaded "not guilty." The jury found appellant guilty as charged, and the trial court assessed punishment at 120 days' confinement.

## II. ANALYSIS

### A. Sufficiency of the Evidence

■ Appellant asserts that the evidence is legally insufficient to prove he knowingly violated the court order. In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29

S.W.3d 103, 111 (Tex.Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991). The jury "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997).

 A person commits an offense if, in violation of an order issued under article 17.292 of the Code of Criminal Procedure, the person knowingly or intentionally goes to or near the residence of a protected individual or a member of the family or household and that residence is specifically described in the order. Tex. Penal Code Ann. § 25.07(a) (West Supp.2015). To prove that a defendant acted in violation of an order issued under article 17.292 of the Code of Criminal Procedure, there must be proof beyond a reasonable doubt that the defendant acted in violation of an order that was issued under article 17.292 of the Code of Criminal Procedure at a proceeding that the defendant attended. *See Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim.App.2009); *Harvey v. State*, 78 S.W.3d 368, 372–73 (Tex.Crim.App.2002). Under the complaint in this case, the State also was required to prove that appellant had knowledge of the issuance of the Order at the time of the offense.

The hypothetically correct jury charge for this case would require proof beyond a reasonable doubt that appellant, with knowledge of the issuance of the Order and in violation of the Order issued under article 17.292 of the Code of Criminal Procedure at a proceeding that appellant attended, knowingly or intentionally went to or near the residence of the complainant, a protected individual, and that the residence was specifically described in the Order. *See Villarreal*, 286 S.W.3d at 327; *Harvey*, 78 S.W.3d at 372–73. Appellant argues the evidence is insufficient to show he knew that the Order existed.

A certified copy of the Order was admitted into evidence at trial. That document shows that the Order was a Magistrate's Order for Emergency Protection issued on September 21, 2013 under article 17.292 of the Code of Criminal Procedure. Under the Order, appellant was prohibited from going to or near the residence of the protected individual, the complainant, or a member of the family or household, and that residence was specifically described in the Order by the residence address. The Order states that the District Clerk of Harris County shall serve a copy of the Order on appellant in open court. The Order contains a statement that reads, "I certify that I have received a copy of this Magistrate's Order for Emergency Protection in open court at the Magistrate's hearing," and a corresponding signature block for appellant. There is a signature on the signature line. At trial, Deputy Crouch testified that appellant was at the complainant's residence on September 26, 2013, when the complainant called 911. Police officers announced their presence,

and appellant did not answer the door. When the police officers broke down the door, they found appellant inside the residence, trying to flee the scene.

■ Appellant argues that this evidence is insufficient to prove he knew about the issuance of the Order because there was no proof at trial that appellant signed on the signature line of the Order.[1] Appellant points out that the signature is illegible, there was no evidence of appellant's handwriting, there were no witnesses who testified appellant attended the hearing, the Order does not describe appellant in depth, and appellant did not acknowledge he attended the hearing. Although appellant points out that the State could have presented additional evidence showing that appellant knew about the issuance of the Order, in light of the presumption of regularity of the Order and the absence of any evidence in the record showing that the signature on the Order did not belong to appellant, the signature on the Order is evidence that appellant signed the Order and certified that he was present at the hearing, received a copy of the Order in open court, and had knowledge of the issuance of the Order. *See Wiley v. State*, 410 S.W.3d 313, 320 (Tex.Crim.App.2013) (noting that appellant's signature on judgment, in light of presumption of regularity, provided evidence appellant was aware of the judgment's contents). Furthermore, appellant's attempts to evade police officers while he was at the complainant's residence suggest appellant had a consciousness of guilt and knew his presence there was prohibited. *See Hedrick v. State*, 473

S.W.3d 824, 830 (Tex.App.—Houston [14th Dist.] 2015, no pet.) (noting that conduct indicating a consciousness of guilt is "perhaps one of the strongest kinds of evidence of guilt"); *Yost v. State*, 222 S.W.3d 865, 875 (Tex.App.–Houston [14th Dist.] 2007, pet. ref'd).

Under the applicable standard of review, a rational trier of fact could have found beyond a reasonable doubt that appellant, with knowledge of the issuance of the Order and in violation of the Order issued under article 17.292 of the Code of Criminal Procedure at a proceeding that appellant attended, knowingly or intentionally went to or near the residence of the complainant, a protected individual, and that the residence was specifically described in the Order. *See Wiley*, 410 S.W.3d at 320; *Villarreal*, 286 S.W.3d at 327; *Yost*, 222 S.W.3d at 875. Therefore, we overrule appellant's second issue.

**B. Compliance with Statutory Requirement**

■ In his first issue, appellant asserts that the trial court erred in denying his motion for directed verdict because there was no evidence at trial that the magistrate made a separate record of service as required by Texas Code of Criminal Procedure article 17.292(j). Appellant asserts that "where a cause of action is created by a statute, all statutory provisions are mandatory and exclusive and must be complied with in order to sustain the action."

■ Article 17.292(j) states:

---

1. Appellant argues that "due process requires more than a signed Magistrate's Order for Emergency Protection to prove the defendant had knowledge of the Order." Appellant did not make a due-process argument at trial. To the extent appellant's statement about due process can be construed as a separate argument, appellant did not preserve it in the trial court. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002) (holding appellate contention must comport with specific objection made at trial); *Broxton v. State*, 909 S.W.2d 912, 917–18 (Tex.Crim.App.1995) (holding even constitutional errors may be waived).

An order for emergency protection issued under this article is effective on issuance, and the defendant shall be served a copy of the order by the magistrate or the magistrate's designee in person or electronically. The magistrate shall make a separate record of the service in written or electronic format....

Tex. Code Crim. Proc. art. 17.292(j) (West 2016). As we explained above, appellant's signature on the Order certifying that he received a copy of the Order in open court provides evidence that the magistrate complied with article 17.292(j) by serving the Order on the defendant personally. *See Wiley,* 410 S.W.3d at 320.

We need not determine whether the magistrate made a separate record of the service, however. As mentioned above, the hypothetically correct jury charge for this case would not require proof beyond a reasonable doubt that the magistrate made a separate record of the service. *See Villarreal,* 286 S.W.3d at 327; *Harvey,* 78 S.W.3d at 372–73. In arguing that the State needed to comply with "all statutory provisions," appellant cites *Harris County District Attorney v. Lacafta,* 965 S.W.2d 568, 569 (Tex.App.—Houston [14th Dist.] 1997, no pet.). In *Lacafta,* the Harris County District Attorney appealed an order in a civil suit granting the plaintiff an expunction. *Id.* at 568. In that civil case, this court explained that to expunge her record, the plaintiff was required to comply with all of the statutory requirements governing expunction for the relief to be granted. *Id.* at 569. This precedent does not support the proposition that the hypothetically correct jury charge for this case would require proof beyond a reasonable doubt that the magistrate made a separate record of the service.

Appellant does not assert that the Order is void on its face. Nor does appellant assert that the trial court lacked jurisdiction because there was no charging instrument alleging that a person committed an offense. *See Martin v. State,* 346 S.W.3d 229, 230–32 (Tex.App.–Houston [14th Dist.] 2011, no pet.) Appellant does not explain why this alleged failure entitles him to a directed verdict. The magistrate's making of a separate record of service is not an element of the charged offense. *See* Tex. Penal Code section 25.07 (West 2016); *Villarreal,* 286 S.W.3d at 327. We already have concluded that the evidence is sufficient to support appellant's conviction. Appellant's separate-record argument lacks merit and so we overrule appellant's first issue.

### III. CONCLUSION

The evidence is sufficient to support appellant's conviction for violation of a protective order. The trial court did not err in denying appellant's motion for directed verdict based on the magistrate's alleged failure to make a separate record of service as required by article 17.292(j). Having overruled appellant's issues, we affirm the trial court's judgment.